ORIGINAL

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 15 2007

at _____ o'clock and _____ min. ___M.
SUE BEITIA, CLERK

ARNULFO BARAJAS-OCAMPO
PETITIONER,

V.

CRIMINAL 1:04-00279 JMS1

CIVIL _____

UNITED STATES OF AMERICA
RESPONDENT.

PETITIONER'S PRO-SE MEMORANDUM
OF LAW IN SUPPORT OF MOTION TO
VACATE, SET ASIDE OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255

NOW COMES, ARNULFO BARAJAS-OCAMPO, PETITIONER
PRO-SE IN THE SPIRIT OF HAINES v. KERNER, 404 U.S. 519 (1972)
IN HIS MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UN-
DER 28 U.S.C. § 2255, AND HEREBY RESPECTFULY REQUEST THIS
HONORABLE DISTRICT COURT FOR RELIEF HERE IN BASED UPON
THE FOLLOWING:

I- CASE HISTORY

PETITIONER WAS INDICTED IN JULY 28, 2004 BY THE
DISTRICT OF HAWAII: DEFENDANT ARNULFO BARAJAS-OCAMPO,
ALSO KNOWS AS MIGUEL LNU AND JOSE LUIS CERVANTES ("OCAM-
PO"), JOHN MICHAEL WALDROUPE ("WALDROUPE") AND SUSAN

DARLENE MAKIO ("MAKIO"), CHARGING ALL THEM WITH:
COUNT ONE: CONSPIRACY TO DISTRIBUTE AND
POSSESS WITH INTENT TO DISTRIBUTE 50 GRAMS
OR MORE OF METHAMPHETAMINE, IT SALTS,
ISOMERS AND SALTS OF ITS ISOMERS, APPROX-
IMATELY 394.3 GRAMS (GROSS WEIGHT),
IN VIOLATION OF TITLE 21 U.S.C. SECTIONS
846, 841(a)(1) AND 841(b)(1)(A). SEE
EXHIBIT A.

MS. DONNA M. GRAY WERE APPOINTED TO DEFENDANT'S CASE,
SHE VISITED SOME TIMES BARAJAS OCAMPO, AND DEFENDANT ALWAYS
REQUESTED HER FOR HIS DISCOVERY BUT, MS. GRAY, ALWAYS REQUESTED
HIM FOR HIS COLLABORATION TO HELP THE GOVERNMENT TO ARREST MORE
PERSONS. DEFENDANT ALWAYS REPLIED HER, THAT HE TOLD THE GOVER-
NMENT ALL HE RECALLED TO ARREST HIS CODEFENDERS AND EXPLAI-
NED HER THAT HE NEEDS HIS LEGAL PAPERS TO KNOW ABOUT HIS
CASE, BECAUSE DEFENDANT ALWAYS WERE UNDER THE INFLUENSE
OF ALCOHOL AND COCAINE.

ONE TIME, THE DEFENDANT INFORMED MS. GRAY, THAT
ONE OF THE AGENTS ON HIS CASE HAD PROBLEMS BY CORRUPTION
AND HE WAS UNDER INVESTIGATION. BECAUSE OF THIS ISSUE, SOME
PERSONS THAT WERE ARRESTED AT THE SAME PLACE THAT BARAJAS-
OCAMPO IN A DRUG CONSPIRACY, WERE DISMISSED OF THEIR CHAR-
GES. THE DEFENDANT GAVE HIS COUNSEL THE INFORMATION OF
THOSE PERSONS TO INQUIRY THE ISSUE THAT COULD HELP HIM AT

AT HIS PROCESS. BUT, MS. GRAY INFORMED HER CLIENT THAT THIS ISSUE WOULDN'T HELP HIM BECAUSE S/A ~~MICHAEL D.~~ ROTHERMUND WAS NOT ASIGNED TO HIS CASE. ANY WAY, LATER MS. GRAY CONFIRMED BARAJAS-OCAMPO, THAT S/A ROTHERMUND'S MISCONDUCT AFFECTED THE CASE OF THAT PEOPLE THAT WERE RELEASED.

DEFENDANT INSISTED MS. GRAY FOR HIS DISCOVER AND SHE GAVE HIM SOME REPORTS OF INVESTIGATION. ON SUCH DOCUMENTS, DEFENDANT DISCOVERED THAT S/A MICHAEL D. ROTHERMUND PARTICIPATED AT HIS CASE.

THE REPORT OF THE "FREE SAMPLE" OF METHAMPHETAMINE THAT DEFENDANT DELIVERED TO S/A JUDE TANELLA ON JULY 13, 2004 AT "CAPTAIN ZACK'S BAR" WER SUBMITTED AND SIGNED BY S/A WILLIAM WISSE. SEE EXHIBIT B.

THE REPORT OF THE TWO OUNCES OF METHAMPHETAMINE THAT DEFENDANT SOLD TO THE GOVERNMENT AND S/A JUDE A. TANELLA RECEIVED ON JULY 14, 2004 AT "LA CUCARACHA RESTAURANT", WHEN BARAJAS-OCAMPO WAS ARRESTED, WAS SUBMITED AND SIGNED BY S/A JUDE A. TANELLA. SEE EXHIBIT C.

BUT THE REST OF THE REPORTS, WHEN THE AGENTS ARRESTED CODEFENDANTS OF BARAJAS-OCAMPO ON JULY 15, 2004 AT "MIRAMAR WAIKIKI HOTEL", WERE SUBMITTED AND SIGNED BY S/A MICHAEL D. ROTHERMUND. EVEN, OFFICER ROTHERMUND PARTICIPATED IN THE ARREST AND EXECUTION OF A FEDERAL SEARCH WARRANT AT

THE ROOM 2120 OF "MIRAMAR WAIKIKI HOTEL" WERE OCAMPO'S CODEFENDERS WERE ARRESTED AND THE GOVERNMENT SEIZED THE DRUG CHARGED AT DEFENDANT'S INDICTMENT.

MS. DONNA M. GRAY, THE COURT APPOINTED COUNSEL LIED TO BARAJAS-OCAMPO AND SURRENDERED HER ADVERSARY PARTY. COUNSEL DEPRIVED HER CLIENT OF HIS SIXTH AMENDMENT RIGHT TO COMPETENT DEFENSE, BECAUSE S/A MICHAEL D. ROTHERMUND PARTICIPATED IN AN UNLAWFULL ACTIVITY IN THE CASE AT BAR. SEE EXHIBIT D.

MS. DONNA M. GRAY, NEGOTIATED A CHANGE OF PLEA WITH THE GOVERNMENT ON APRIL 20, 2005 WITHOUT OBJECT DEFENDANT'S "SPEEDY TRIAL VIOLATION" AND THE COURT SCHEDULED A HEARING TO CHANGE OF PLEA TO MAY 02, 2005. BUT, FEW MINUTES BEFORE DEFENDANT'S CHANGE OF PLEA, OCAMPO TOLD HIS COUNSEL THAT HE WASN'T PREPARED TO KHANGE HIS NOT GUILTY PLEA BECAUSE, WAS NOT CLEAR FOR HIM, HIS PARTICIPATION IN THE OFFENSE IN THE WAY THAT THE GOVERNMENT PRESENTED DEFENDANT'S CASE AT THE COURT. OCAMPO TOLD HIS COUNSEL THAT SHE HAD NOT ANSWER TO HIS LETTERS WHERE DEFENDANT REQUESTED SEVERAL ISSUES THAT SHE REJECTED TO DISCUSS WITH HIM. DESPITE MS. GRAY'S ANGER, SHE REQUESTED THE COURT TO CONTINUE PLEA COLLOQUY AND THE COURT RE-SET IT FOR MAY 12, 2005. SEE EXHIBIT E.

BEFORE THE NEW HEARING TO WITHDRAWAL OF NOT GUILTY

4

PLEA AND TO PLEAD A NEW, COUNSEL GRAY TOLD HER CLIENT THAT THE ONLY WAY TO GET A LESSER SENTENCE COULD BE IF HE AGREED TO FOLLOW HER DIRECTION TO RESPOND THE COURT AND PROMISED HIM TO DO HER BEST TO GET A LESSER SENTENCE FOR HER CLIENT. THEN THE DEFENDANT AGREED WITH HIS COUNSEL TO PLEAD GUILTY.

ON MAY 12, 2005, THE HONORABLE MAGISTRATE LESLIE E. KOBAYASHI REQUESTED THE DEFENDANT:

THE COURT: HAVE YOU DISCUSSED THOSE CHARGES AND ALL THE FACTS SURRENDING THOSE CHARGES WITH YOUR LAWYER MS. GRAY?

THE DEFENDANT: YES.

THE COURT: ARE YOU FULLY SATISFIED WITH THE LEGAL REPRESENTATION YOU HAVE RECEIVED FROM MS. GRAY AS YOUR LAWYER?

THE DEFENDANT: YES.

THE COURT: IN THE INDICTMENT, YOU HAVE BEEN CHARGED WITH CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE FIFTY GRAMS OR MORE OF METHAMPHETAMINE, IT SALTS, ISOMERS AND SALTS OF ITS ISOMERS. DO YOU UNDERSTAND THIS CHARGE?

THE DEFENDANT: YES.    SEE EXHIBIT F1.

THE COURT: ALL RIGHT. DO YOU AGREE THAT YOU ARE KNOWLEDGE RESPONSIBLE FOR FIFTY GRAMS

OR MORE OF METHAMPHETAMINE, ITS SALTS, ISOMERS, AND SALTS OF ITS ISOMERS AS CHARGED IN COUNT 1 OF THE INDICTMENT?

THE DEFENDANT: YES.    SEE EXHIBIT F2.

THE COURT: YOU HAVE BEEN CHARGED IN COUNT 2 OF THE INDICTMENT WITH POSSESSION WITH INTENT TO DISTRIBUTE FIFTY GRAMS OR MORE OF METHAMPHETAMINE, ITS SALTS, ISOMERS AND SALTS OF ISOMERS. DO YOU UNDERSTAND THIS CHARGE?

THE DEFENDANT: YES. SEE EXHIBIT F 3.

THE COURT: DO YOU AGREE THAT YOU ARE KNOWINGLY RESPONSIBLE FOR FIFTY GRAMS OR MORE OF METHAMPHETAMINE, ITS SALTS, ISOMERS AND SALTS OF ITS ISOMERS AS CHARGED IN COUNT 2 OF THE INDICTMENT?

THE DEFENDANT: YES.    SEE EXHIBIT F4.

THE COURT REQUESTED TO AUSA MS. SAMESHIMA TO SUMMARISE IF THIS MATTER WENT TO TRIAL, WHAT KIND OF EVIDENCE AS TO FACTS THAT THE GOVERNMENT WOULD OFFER AT THE TIME OF THE TRIAL.

MS. NAMESHIMA: YES, YOUR HONOR. WE WOULD OFFER THE FOLLOWING FACTS IF THIS CASE WERE TO PROCEED TO TRIAL AND THAT THIS THAT BEGINNING SOME TIME IN OR AROUND JUNE OR JULY OF 2004, THE DEFENDANT AGREED WITH HIS CODEFENDANTS SUSAN DARLENE MAKIO AND JOHN MICHAEL WALDROUPE TO DISTRI-

BUTE AND POSSESS WITH INTENT TO DISTRIBUTE QUANTITIES OF "ME-
THAMPHETAMINE". MR. WAULDROUPE AND MS. MAKIO RESIDED AT
VARIOUS HOTELS IN WAIKIKI AND DEFENDANT PROVIDED BOTH WAL-
DROUPE AND MAKIO WITH QUANTITIES OF "METHAMPHETAMINE"
WHICH WAULDROUPE DISTRIBUTED TO OTHERS AND ALSO OFFERS THE
TESTIMONY OF THE DEA AGENT ACTING IN AN UNDERCOVER CAPACITY
WHO IS INTRODUCED TO MR. OCAMPO BY AN INFORMANT AND THE
DEFENDANT AGREED TO PROVIDE THIS UNDERCOVER AGENT WITH A
SAMPLE OF "ICE".

FURTHERMORE, AUSA STATED THAT I PROVIDED THE DEA
AGENT WITH A SAMPLE OF ICE. THAT THE DEA LAB DETERMINED
IT WAS "d-METHAMPHETAMINE" HYDROCHLORIDE, THE SAME AS
THE TWO OUNCES THAT I SOLD TO THE GOVERNMENT THE NEXT DAY.
SHE STATED TOO, THAT ON JULY 15th, 2004 AS A RESULT OF THE
SEARCH WARRANT EVIDENCE WAS RECOVERED FROM BARAJAS-OCAMPO'S
CO-CONSPIRATORS' HOTEL ROOM THAT THE DEA LAB DETERMINED
WERE A TOTAL OF 217.3 GRAMS OF d-METHAMPHETAMINE HY-
DROCHLORIDE. EVEN, WHEN I WAS INDICTED FOR METHAMPHETA-
MINE. SEE EXHIBIT G.

HERE, THE U.S. ATTORNEY INVOLVED 3 DIFFERENT TYPE
OF DRUGS FOR PURPOSES OF SENTENCE UNDER U.S.S.G. G 2D.1.1.
SEE EXHIBIT H.

THE COURT: AL RIGHT. MR. BARAJAS-OCAMPO, TELL ME ON YOUR
OWN WORDS WHAT IS THAT YOU DID THAT MAKES YOU GUILTY

OF COUNT 1, WHICH CHARGES YOU WITH KNOWINGLY AND INTEN-
TIONALLY CONSPIRING TO DISTRIBUTE AND POSSESS WITH INTENT TO
DISTRIBUTE FIFTY GRAMS OR MORE OF METHAMPHETAMINE.
WHAT DID YOU?

THE DEFENDANT: WELL, I DONT HAVE MUCH KONOWLEDGE
BECAUSE OF MY ADDICTION TO ALCOHOL AND COCAINE, AND
WITHOUT MY REALLY REALIZING IT, THEY USED MY KNOWLED-
GE TO DISTRIBUTE OR TO PLAN TO DISTRIBUTE.

THE COURT: OKAY. THE PERIOD OF TIME THAT WE'RE TAL-
KING ABOUT. WOULD BE JULY OF 2004.

THE DEFENDANT: UM HM.

THE COURT: IS THAT YOUR ANSWER; YES?

THE DEFENDANT: YES.

THE COURT: ALL RIGHT. AND IN JULY OF 2004, DID MR.
WALDROUPE AND MS. MAKIO PROVIDE A SAMPLE OF "METHAM-
PHETAMINE" TO YOU SELL TO OTHER PEOPLE.

THE DEFENDANT: YES.

THE COURT: ALL RIGHT. AND HAVE YOU BEEN SHOWN A
LABORATORY REPORT FOR THOSE TWO OUNCES OF METHAM-
PHETAMINE? THAT SHOWS THAT ITS 56.3 GRAMS OF
d-METHAMPHETAMINE HYDROCHLORIDE OF 88 PERCENT
PURITY.

THE DEFENDANT: YES.

THE COURT: ALL RIGHT. DO YOU DISPUTE THAT THE TWO
OUNCES OF ICE OF 88 PERCENT PURITY?

THE DEFENDANT: NO.

THE COURT: OKAY, SO THAT'S --- ALL RIGHT. FOR

COUNT 2 OF THE INDICTMENT, IT CHARGES YOU WITH KNOWINGLY AND INTENTIONALLY POSSESSING WITH THE INTENT TO DISTRIBUTE FIFTY GRAMS OR MORE OF METHAMPHETAMINE. WHAT IS THAT YOU DID THAT MAKES YOU GUILTY OF COUNT 2?
THE DEFENDANT: WELL, I --- YES, I TRY TO DISTRIBUTE FIFTY OR MORE GRAMS TO AN OTHER PERSON. SEE EXHIBIT I.
WHEN THE COURT SAID: ALL RIGHT, BARAJAS-OCAMPO, AS TO COUNT ONE THAT CHARGES YOU WITH KNOWINGLY AND INTENTIONALLY CONSPIRING TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE FIFTY GRAMS OR MORE OF METHAMPHETAMINE, HOW DO YOU PLEAD TO THAT CHARGE, SIR; GUILTY OR NOT GUILTY?

THE DEFENDANT ANSWERED: " WELL, I WASN'T IN MY-- I DIDN'T HAVE MY FIVE SENSES WITH ME. I WAS JUST-- I WAS DRUNK EVERY DAY." " OKEY GUILTY."
THE COURT REPLIED: " OK, YOU'RE PLEADING GUILTY TO THE CONSPIRACY TO POSSESS AND DISTRIBUTE OVER FIFTY GRAMS OF METHAMPHETAMINE. IS THAT CORRECT?"
THE DEFENDANT: YES.

THEN THE COURT STATED: " OKAY, AND AS TO COUNT TWO, THAT CHARGES THAT YOU KNOWINGLY AND INTENTIONALLY POSSESS WITH THE INTENT TO DISTRIBUTE FIFTY GRAMS OR MORE OF METHAMPHETAMINE ON OR ABOUT JULY 15, 2004. HOW DO YOU PLEAD THAT CHARGE: GUILTY OR NOT GUILTY?
BARAJAS OCAMPO PLED GUILTY. SEE EXHIBIT J.

THE RECORD SHOWS THAT IS UNQUESTIONABLE THAT BARAJAS-OCAMPO WAS DIRECTED BY MS. GRAY AT HIS RESPONSES TO THE COURT AT HIS PLEA COLLOQUY. EVEN, WHEN THE COURT, THE SAME AS THE GOVERNMENT STATED 2 DIFFERENT SORT OF DRUGS THAN THE TYPE OF DRUG CHARGED IN THE INDICTMENT (METHAMPHETAMINE) FOR SENTENCING ENHANCEMENT PURPOSES. BUT, DEFENDANT PLED GUILTY FOR THE DRUG AND QUANTITY CHARGED IN THE CASE AT BAR: " 50 GRAMS OR MORE OF METHAMPHETAMINE." SEE AGAIN EXHIBITS A, G & J. PLEASE SEE THE "REPORT" MENTIONED IN EXHIBIT J THAT HONORABLE MAGISTRATE JUDGE SIGNED REGARDING BARAJAS-OCAMPO'S PLEA, WHEN DEFENDANT WAS "ADJUDGED GUILTY", ON MAY 12, 2004.

AT SENTENCING HEARING ON APRIL 6, 2006 THE COURT REQUESTED MS. GRAY AND HER CLIENT IF WE HAD OPPORTUNITY TO READ, REVIEW AND DISCUSS THE PRESENTENCE REPORT (PSR) AND THE ADENDUM AN MAKE ANY AND ALL OBJECTIONS TO THE REPORT THAT WE WISH.

"MS. GRAY'S ANSWER WAS: YES, YOUR HONOR.
THE COURT REQUEST ME: IS THAT RIGHT MR. OCAMPO?
I REPLIED: YES."

AFTER, THE COURT STATED THAT THE DEFENDANT PLEAD GUILTY FOR "COUNT ONE AND COUNT TWO OF THE INDICTMENT." THE COURT NOTED NEITHER THE GOVERNMENT NOR THE DEFENSE MADE OBJECTIONS TO THE GUIDELINES CALCULATIONS. THE RESPONSE OF BOTH PARTIES WERE: " THAT'S CORRECT, YOUR HONOR." SEE EXHIBIT K.

AFTER THIS, MS. GRAY STATED:

MS. GRAY: YOUR HONOR, WHAT MR. OCAMPO WISHED ME TO DO IN OUR RESPONSE TO THE DRAFT REPORT WAS "SIMPLE" TO GIVE HIS VERSION OF THE ROLE THAT HE PLAYED, WHICH DIFFERED FROM THE VERSION THAT HE BELIEVED WAS BEING GIVEN TO THE COURT BY CO-DEFENDANT WAULDROUPE. HE DOEESN'T DENY HIS PARTICI-PATION IN THIS CONSPIRACY AND THE THINGS THAT HE DID AS FAR AS MEETING WITH THE UNDERCOVER OFFICER AND FACILITATING THE TWO PURCHASES MADE TO THE UNDERCOVER OFFICER -- WHAT HE DISPUTES WAS MR. WALDROUPE'S VERSION THAT MR. WAULDRO-UPE WAS COMPLETELY INOCENT OF THAT --- THOSE PARTICULAR DRUGS'; WHEREAS, MR. OCAMPO'S POSITION WAS ALL THREE OF THEM INTENTED TO DISTRIBUTE IT. SEE EXHIBIT L.

IMMEDIATELY THE COURT STATED: " ALL RIGHT. WELL, ARE YOU SATISFIED THAT THROUGH INCORPORATION OF YOUR SEN-TENCING STATEMENT BY WAY ATTACHMENT THAT THE REPORT IS COMPLETE NOW? "
MS. GRAY: " YES, I DO, YOUR HONOR. "
THE COURT: SO I DON'T NEED TO MAKE ANY FACTUAL FINDINGS, THEN."
MS. GRAY: " NO, YOUR HONOR. "
THE COURT: " ALL RIGHT. SO WITH THAT, THEN, I WILL ADOPT THE PRESENTENCE REPORT, WHICH, OF COURSE INCLUDES MS. GRAY'S SENTENCING STATEMENT, WHICH IS INCOR-PORATED TO THE REPORT BY ATTACHMENT, AS THE FACTUAL FINDINGS

OF THE COURT AS WELL AS THE CONCLUSIONS AS THE APPLICABLE GUIDELINES AND MS. GRAY SPOKE OF HER MEMORANDUM FILED IN COURT FOR SENTENCING AND SHE ASKED THE COURT TO IMPOSE A SENTENCE AT THE MINIMUM TERM OF 120 MONTHS. SEE EXHIBIT M.

FURTHERMORE; COUNSEL GRAY ASKED THE COURT TO CONSIDER REDUCING THE "ADVISORY GUIDELINE" TO THE MINIMUM TERM IS BASED UPON MR. OCAMPO'S ALLIENAGE. BUT LATTER, SHE CONTRADICTED HER SELF STATING: "HOWEVER, IF AN INMATE HAS A DETAINER PLACED HIM, AS DOES MR. OCAMPO, HE WILL NOT BE ELEGIBLE FOR THE INCENTIVES CONECTED TO THAT PROGRAM, WHICH ARE POSSIBLE SENTENCE REDUCTION UP TO ONE YEAR AND ADDITONAL HALFWAY HOUSE PRERELEASE TIME... SO IT SITUATES AN ALIEN, WHO WILL ALWAYS HAVE AN IMMIGRATION DETAINER, IN A SITUATION WHERE HE CAN NEVER RECEIVE THE SENTENCING -- THE TYPE OF SENTENCING REDUCTIONS THAT ARE AVAILABLE TO INMATES WITHOUT DETAINERS." SEE EXHIBIT N.

AT DEFENDANT'S SENTENCE, MS. GRAY'S ARGUMENTS TO SEEK A REDUCTION OF SENTENCE IN THE MANER SHE PROMISED TO HER CLIENT WERE VAGUE. SHE WAIVED TO SEEK "MITIGATING FACTORS" FOR HER CLIENT BARAJAS-OCAMPO. EVEN, YOUR HONOR SAID:

"THEY DON'T, I THINK, CONVINCE ME SUFFICIENTLY TO GO OUT SIDE THE GUIDELINE." SEE EXHIBIT O.

MS. DONNA M. GRAY'S DEFICIENT PERFORMANCE IN DEFENDANT'S CASE IS CLEARLY. SHE IGNORED DEFENDANT REQUESTS, INTER ALIA, FOR "MENOR PARTICIPATION," DEFENDANT GAVE HIS COUNSEL AND MAILED TOO, CASES OF LAW OF OUR CIRCUIT AND SISTER CIRCUIT. EVEN, DEFENDANT REQUESTED HER TO OBJECT THE PSR AND ADENDUMS. SEE <u>EXHIBIT P.</u>

MS. DONNA M. GRAY'S **DEFICIENT PERFORMANCE IN DEFENDANT'S** CASE WERE REFLECTED EVEN, AT BARAJAS-OCAMPO'S APPEAL. IN DEFENDANT'S "OPPENING ANDERS BRIEF" AT HER STATMENT OF THE ISSUES, SHE SUBMITS:

"HAVEN CONSCIENTIOUSLY REVIEWED THE RECORD, COUNSEL BELIEVES THE APPEAL IS FRIVOLOUS AND ARE NO ISSUES TO APPEAL."

MS. GRAY NEGLECTED HER CLIENT ONE MORE TIME. SEE <u>EXHIBIT Q.</u>

## <u>II- ISSUE.</u>

PETITIONER PRESENTS THREE ISSUES IN HIS CLAIM THAT SUPPORT HIS HABEAS CORPUS UNDER 28 U.S.C. § 2255.

(1) "JUDICIAL AND GOVERNMENT VIOLATIONS" AT PLEA COLLOQUY, FOR VIOLATION OF DEFENDANT'S "<u>SPEEDY TRIAL RIGHT</u>"; VIOLATION OF <u>RULE 11</u>, BECAUSE THE COURT AND THE PROSECUTOR MADE AMBIGUOS STATEMENTS AT DEFENDANT'S HEA-

RING UPON THE TYPE, QUANTITY AND PURITY OF THE DRUG IN THE OFFENSE FOR SENTENCING PURPOSES.

(2) "JUDICIAL VIOLATION" AT DEFENDANT'S SENTENCING BECAUSE, THE COURT REJECTED TO ENFORCE THE DEFENDANT'S ORAL PLEA, THE SAME THAT WERE ACCEPTED BY THE TRIAL JUDGE WHEN THE DEFENDANT ADJUDICATED HIS GUILT, AND APPROVED BY PROSECUTOR.

(3) "INEFFECTIVE ASSISTANCE COUNSEL", BECAUSE MS. GRAY'S INEFFECTIVENESS FOR ALLOWING THOSE ERRORS ON THE PLEA AND SENTENCING WITHOUT OBJECTION AND WHETHER COUNSEL WAS INEFFECTIVE FOR FAILING TO IDENTIFY THE ABOVE MENTIONED ERRORS TO PRESENT THESE ISSUES IN APPEAL. INSTEAD FILE AN ANDERS BRIEF, REQUESTED THE ENFORCEMENT OF APPEAL WAIVER.

## III- RULE OF LAW.

THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, CLEARLY PROVIDES A RIGHT TO HAVE THE ASSISTANCE OF COUNSEL IN ALL CRIMINAL PROSECUTIONS. THE EVALUATION FOR DETERMINING WHETHER AN INDIVIDUAL FELL VICTIM TO INEFFECTIVE ASSISTANCE OF COUNSEL WAS FULLY ADDRESSED IN STRICKLAND V. WASHING-TON, 466 U.S. 688 (1974), WHERE THE COURT HELD THAT A DEFENDANT ASSERTING AN INEFFECTIVE OF COUNSEL CLAIM, MUST MEET THE FOLLOWING TWO PRONG TEST:

(1) THE DEFENDANT MUST SHOW THAT COUNSEL'S PERFORMANCE WAS DEFICIENT. THIS REQUIRES A SHOWING THAT COUNSEL MADE ERRORS SO SERIOUS THAT COUNSEL WAS NOT FUNCTIONING AS THE COUNSEL GUARANTEED THE DEFENDANT BY THE SIXTH

14

AMENDMENT.

    (2) THE DEFENDANT MUST THEN SHOW THE DEFICIENT PERFOR-MANCE PREJUDICED THE DEFENSE. THIS REQUIRES A SHOWING THAT COUNSEL MADE ERRORS SO SERIOUS AS TO DEPRIVE THE DEFENDANT OF A FAIR TRIAL.

    ACCORDING TO STRICKLAND, "A CONVICTED DEFENDANT MA-KING A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL, MUST, IDEN-TIFY THE ACTS OR THE OMMISIONS OF COUNSEL THAT (WERE) NOT THE RESULT OF REASONABLE AND PROFESSIONAL JUDGMENT." STRI-CKLAND, SUPRA, 466 U.S. 695. AS IN THE PRESENT CASE, THE PETITIONER WAS DENIED THE RIGHT TO EFECTIVE ASSISTANCE OF COUNSEL THROUGH-OUT THE REMAINING JUDICIAL PROCESS. THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL DOES NOT EN AT THE CONCLU-SION OF TRIAL, BUT, CONTINUES THROUGH-OUT THE REMAINING PHASES OF THE PROCESS. IT IS WITHOUT QUESTION THAT THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL INCLUDES TRIAL, SENTEN-CING AND DIRECT APPEAL. SEE STRICLAND, SUPRA.

    THE PURPOSES OF THE SIXTH AMENDMENT GUARANTEE OF COUNSEL IS TO ENSURE THAT A DEFENDANT HAS THE ASSISTANCE NECESSARY TO JUSTIFY RELIANCE ON THE OUTCOME OF THE PRO-CEEDINGS. ACCORDINGLY, ANY DEFICIENCIES IN COUNSEL'S PER-FORMANCE MUST BE PREJUDICIAL TO THE DEFENSE IN ORDER TO CONSTITUTE INEFFECTIVE ASSISTANCE OF COUNSEL IN CERTAIN SIXTH AMENDMENT CASES, AS WILL BE STABLISHED IN THE PRESENT CASE, PREJUDICE MUST BE PRESUMED. IN THE CONTEXT OF ACTUAL OR

CONSTRUCTIVE DENIAL OF THE ASSISTANCE OF COUNSEL, IT IS LEGA-
LLY PRESUMED TO RESULT IN PREJUDICE

THEREFORE, WITHOUT <u>STRICKLAND</u>, THERE WOULD BE NO QUES-
TION ABOUT IT, IN A NUT SHELL, IT IS UNDISPUTED THAT THE RIGHT TO
EFFECTIVE ASSISTANCE OF COUNSEL INCLUDES ALL STAGES OF THE
CRIMINAL JUDICIAL PROCESS.

DEFENDANT'S PLEA OF GUILTY IS PERHAPS THE LAW'S MOST SIG-
NIFICANT WAIVER OF CONSTITUTIONAL RIGHTS AND DISTRICT COURTS
MUST NOT ACCEPT THIS WAIVER LIGHTLY; RATHER THE JUDGE MUST
ADMINISTER THIS PROCEEDINGS OBJECTIVELY, DILIGENTLY AND WITH
FULL ATTENTION TO DETAIL. <u>U.S. V. ANDRADES</u>, 169 F.3d 131
(2ND CIR. 1999).

WHEN A DRUG QUANTITY DETERMINATION EXPOSES A DEFEN-
DANT TO A HIGHER STATUTORY MAXIMUM SENTENCE THAN HE WOULD
OTHERWISE FACE, DRUG QUANTITY IS A CRITICAL ELEMENT OF THE
CHARGED OFFENSE OF WHICH THE DEFENDANT MUST BE ADEQUATE-
LY INFORMED BEFORE A GUILTY PLEA IS ACCEPTED. <u>U.S. V. VILLA-
LOBOS</u>, 333 F.3d 1070 (9th CIR. 2003).

DEFENDANT'S SUBSTANTIAL RIGHTS AS REQUIRED FOR
PLAIN ERROR, IF DISTRICT COURTS FAILS TO SATISFY ANY OF CORE
OBJECTIVES OF RULES GOVERNING ACCEPTANCE OF GUILTY PLEA TO
ENSURE THAT GUILTY PLEA IS FREE OF COHERCION, THAT DEFENDANT
UNDERSTAND NATURE OF CHARGES AGAINST HIM / HER, AND
THAT DEFENDANT IS AWARE OF DIRECT CONSEQUENCES OF GUILTY

PLEA. U.S. v. QUINONES, 97 F.3d 473 (11th Cir. 1966).

A COURT'S ONLY OPTION WHEN ENTERTAINING A PLEA THAT
INCLUDES A SPECIFIC SENTENCE AS APPROPRIATE DISPOSITION OF CASE
IS TO EITHER ACCEPT OR REJECT THE AGREEMENT; THE COURT
CANNOT MODIFY IT. FEDERAL RULES CR. PROC. RULE 11 (e)(1)(C).
U.S. v. REYES, 313 F.3d 1152 (9th Cir. 2002).

DEFENDANT WAS PREJUDICED BY COUNSEL'S UNFAMILIARITY
WITH SENTENCING GUIDELINES AND FAILURE TO CHALLENGE PROSE-
CUTION'S BREACH OF PLEA AGREEMENT IN WHICH GOV AGREED, IN
EXCHANGE FOR DEFENDANT FOR SENTENCING PURPOSES, WOULD NOT
EXCEED FIVE KILOGRAMS, RESULTING IN DEFENDANT BEING SENTEN-
CED UNDER HIGHER BASE OFFENSE LEVEL. U.S. v. GRANADOS,
168 F.3d 343 (8th Cir. 1999).

OUR COURT IN BROWN HELD: TERMS OF ORAL PLEA AGREEMENTS
ARE ENFORCEABLE, AS ARE THOSE OF ANY OTHER CONTRACTS. DUE
PROCESS RIGHTS CONFERRED BY FEDERAL CONSTITUTION ALLOW ENFOR-
CEMENT OF TERMS OF PLEA AGREEMENT, U.S.C.A. CONST. AMEND. 14.
BROWN v. POOLE, 337 F.3d 1155 (9th Cir. 2005).

OUR COURT IN GAUTT, NOTED: THE SIXTH AMENDMENT GUA-
RANTEES A CRIMINAL DEFENDANT THE FUNDAMENTAL RIGHT TO BE
INFORMED OF THE NATURE AND CAUSE OF THE CHARGES MADE AGAINST
HIM SO AS TO PERMIT ADEQUATE PREPARATION OF A DEFENSE.
U.S.C.A. CONST. AMEND. 6. A CONSTRUCTIVE AMENDMENT CONSTITU-

TES A VIOLATION OF A DEFENDANT'S FIFTH AMENDMENT RIGHT TO PRESENTMENT OR INDICTMENT BY GRAN JURY. U.S.C.A. CONST. AMEND-5. GAUTT V. LEWIS, 489. F. 3d 993 (9Th CIR. 2007).

THE "SPEEDY TRIAL ACT" OF 1974, REQUIRES CRIMINAL TRIALS TO COMENCE WITHIN SEVENTY DAYS AFTER DEFENDANT IS INDICTED OR APPEARS IN COURT, WHICHEVER IS LATER, AFTER CERTAINS PERIODS PRESCRIBED BY STATUTE ARE ESCLUDED FOLLOWING APPELLANTS' CONVICTIONS BY A JURY, THE SUPREME COURT CLARI- FIED THE OPERATION OF THE ACT IN VIEW OF ITS TWIN GOALS OF EFFECTUATING THE INTEREST OF THE PUBLIC AND OF THE DEFENDANT IN A SPEEDY TRIAL. (QUOTING ZEDNER V. UNITED STATES, 126 S.CT 1976, 1984 (2006)). U.S. V. SANDERS. 489 F. 3d 654 (D.C. CIR. 2007).

## IV- APPLICATION.

IN THE INSTANT CASE, DEFENDANT'S RIGHTS WERE VIOLA- TED BY THE COURT AND THE GOVERNMENT DURING HIS PLEA CO- LLOQUY: VIOLATION OF "SPEEDY TRIAL ACT" AND VIOLATION OF "RULE 11".

ONE. THE SPEEDY TRIAL ACT OF 1974, GENERALLY REQUIRES A FEDERAL CRIMINAL TRIAL TO BEGIN WITHIN 70 DAYS AFTER A DEFEN- DANT IS CHARGED OR MAKES AN INITIAL APPEARANCE. 18 U.S.C.§ 3161 (c)(1). "RECOGNIZING THAT CRIMINAL CASES VARY WIDELY AND THAT THE- RE ARE VALID REASONS FOR GREATER DELAY IN PARTICULAR CASES, THE ACT INCLUDES A LONG AN DETAILED LIST OF PERIODS OF DELAY THAT

ARE EXCLUDED IN COMPUTING THE TIME WITHIN WHICH TRIAL MOST START. SECTION 3161(H)(8) PERMITS A DISTRICT COURT TO GRANT A CONTINUANCE AND EXCLUDE THE RESULTING DELAY IF IT MAKES ON-THE-RECORD FINDINGS THAT THE ENDS OF JUSTICE SERVED BY GRANTING THE CONTINUANCE OUTWEIGH THE PUBLIC'S AND DEFENDANT'S INTEREST IN A SPEEDY TRIAL." THE RECORD IN THE CASE AT BAR DOESN'T SHOWS THAT THE DISTRICT COURT SERVED "THE ENDS OF JUSTICE" TO GRANT THE CONTINUANCES IN THE CASE. PLEASE SEE THE DOCKET REPORT FROM ENTRY #9 — ENTRY #59.

THE COURT OF SANDERS, SHOWS THAT GUILTY PLEA DOES NOT WAIVE "SPEEDY TRIAL VIOLATION". U.S. v SANDERS, 485 F.3d 654. THE COURT NOTED, "THE SPEEDY TRIAL CHALLENGE IS REVIEWED DE NOVO ON MATTERS OF LAW, UNITED STATES v. FONSECA, 435 F.3d 369, 371 (D.C. CIR 2006), AND FOR CLEAR ERROR AS TO FINDING OF FACT, SEE UNITED STATES v. BADRU, 97 F.3d 1471, 1476 (D.C. CIR. 1996), WE FIRST ADDRESS THE GOVERNMENT'S WAIVER ARGUMENTS AND THEN TURN TO APPELLANTS' CONTENTIONS THAT NOT ENOUGH DAYS WERE PROPERLY EXCLUDED BY THE DISTRICT COURT TO SATISFY THE ACT." SEE ALSO UNITED STATES v. STEPHENS, 489 F.3d 647 (5th CIR 2007).

DEFENDANT OCAMPO WAS INDICTED ON JULY 28, 2004 AND PLED GUILTY ON MAY 12, 2005. OCAMPO ADJUDICATED HIS GUILT, 219 DAYS AFTER HE WAS INDICTED. WITHOUT DOUBTS, THIS LENGTHY PERIOD VIOLATED HIS "SPEEDY TRIAL RIGHT".

TWO, THE COURT IN BLACKWELL, 172 F.3d 129 AT 131, 132 NOTED: "A GUILTY PLEA' IS A GRAVE AND SOLEMN ACT TO BE ACCEPTED ONLY WITH CARE AND DISCERNMENT." BRADY V. UNITED STATES, 397 U.S. 742 (1970) A PLEA CANNOT BE CONSIDERED VOLUNTARY UNLESS THE DEFENDANT RECEIVES' REAL NOTICE OF THE TRUE NATURE OF THE CHARGE AGAINST HIM, THE FIRST AND MOST UNIVERSALLY RECOGNISED REQUIREMENT OF DUE PROCESS'" HENDERSON V MORGAN, 426 U.S. 637, 645 (1976) (QUOTING SMITH V. O'GRADY, 312 U.S. 329, 334 (1941). " BEFORE ACCEPTING A PLEA OF GUILTY ... THE COURT MUST ADDRESS THE DEFENDANT PERSONALLY IN OPEN COURT AND INFORM THE DEFENDANT OF, AND DETERMINE THAT THE DEFENDANT UNDERSTANDS ... THE NATURE OF THE CHARGE TO WISH THE PLEA IS OFFERED ..." FED. R. CRIM. PROC. 11(C). (EMPHASIS ADDED).

IF IS TRUE, THAT MS. SAMESHIMA SUMMARIZED THE "ESSENTIAL" ELEMENTS OF THE OFFENSE CHARGED IN DEFENDANT'S INDICTMENT, NEITHER THE GOVERNMENT NOR THE COURT EXPLAINED THAT THE TYPE OF DRUG CHARGED IN THE INDICTMENT WOULD BE "CHANGED" AT SENTENCING BY "ICE", THAT WOULD INCREASE HIS OFFENSE LEVEL, EVEN, WHEN DEFENDANT PLED GUILTY FOR THE COUNTS CHARGED IN THE INDICTMENT AND STATED BY THE COURT AT THE PLEA COLLOQUY FOR 50 GRAMS OR MORE OF "METHAMPHETAMINE" ... THIS WAS THE WORD IN THE "CONTRACT" THAT MAGISTRATE JUDGE STATED AND OCAMPO STATED TOO. EVEN, THE PROSECUTOR DID NOT OBJECTED IT. THE GOVERNMENT AND THE COURT BREACHED DEFENDANT'S PLEA UNDER SANTOBELLO, 404 U.S. 257.

"JUDICIAL VIOLATION" AT DEFENDANT'S SENTENCING

THE COURT REJECTED TO ENFORCE DEFENDANT'S PLEA. PLEA
THAT WAS ACCEPTED FOR THE COURT AND THE GOVERNMENT AT PLEA
COLLOQUY. AFTER THE DEFENDANT'S COUNSEL INCORPORATED HER
SENTENCING STATEMENT, THE COURT ASKED MS. GRAY IF SHE WAS
SATISFIED AND HER RESPONCE WAS:

     "MS. GRAY: "YES, I DO, YOUR HONOR".
     THE COURT REPLIED: "SO I DONT NEED TO MAKE ANY
     FACTUAL FINDINGS, THEN,
     MS. GRAY: NO, YOUR HONOR.
     THE COURT: ALL RIGHT, SO WITH THAT, THEN, I WILL
     ADOPT THE PRESENTENCE INVESTIGATION REPORT, WHICH,
     OF COURSE, INCLUDES MISS GRAY'S SENTENCING STATE-
     MENT, WHICH IS INCORPORATED TO THE REPORT BY ATTACH-
     MENT, AS THE FACTUALS FINDINGS OF THE COURT, AS
     WELL, AS TO THE APPLICABLE GUIDELINES."

     THE COURT FAILED TO INQUIRY THE PLEA COLLOQUY TO
KNOW THE FACTS OF DEFENDANT'S PLEA GUILTY. THE COURT
RESTED ON THE PRESENTENCE REPORT TO IMPOSE ITS SENTENCE
IN OCAMPO'S CASE. THE RECORD SHOWS THAT SENTENCING
JUDGE INCORPORATED MS. GRAY'S SENTENCING STATEMENT
ON THE ISSUE OF DOWNWARD DEPARTURE FOR DEFENDANT'S
ALIENAGE, THE PSR, SOME LETTERS SUBMITTED, 18 U.S.C. §
3553(a) AND OF COURSE THE GUIDELINES.

     "INEFFECTIVE ASSISTANCE COUNSEL" WAS CRUCIAL AT DE-
FENDANT'S SENTENCE. COUNSEL FAILURE TO OBJECT AT THE PLEA

PLEA COLLOQUY AND SENTENCING VIOLATED VIOLATED THE
SIXTH AMENDMENT RIGHT. DESPITE THE ABOVE ERRORS BY THE
COURT, THE GOVERNMENT'S BREACH OF THE PLEA AGREEMENT, COUNSEL
STOOD SILENCE AND FAIL TO OBJECT, BOTH, GOVERNMENT'S BREACH
OF PLEA, AND THE COURT'S FAILURE TO EXPLAIN NATURE OF CHARGES,
PROPERLY IN COUNT ONE AND TWO.

AT DEFENDANT APPEALS, COUNSEL GRAY WAS INEFFECTIVE
BECAUSE, SHE FAILED TO COMPLY WITH REQUIREMENTS ESTABLI-
SHED BY ANDERS v. CALIFORNIA, 386 U.S. 738.

IN ANDERS, THE SUPREME COURT HELD THAT THE "CONSTI-
TUTIONAL REQUIREMENT OF SUBSTANTIAL EQUALITY AND FAIR
PROCESS" NECESSITATES THAT APPELLANT'S VIGOROUSLY ACT AS AN
ADVOCATE FOR THE DEFENDANT. Id AT 744, 87 S.CT.396

THUS COUNSEL'S ROLE AS AN ADVOCATE REQUIRES THAT
SHE SUPPORT HER CLIENT'S APPEAL TO THE BEST OF HER ABILITY,
OF COURSE, IF COUNSEL FINDS HIS CASE TO BE WHOLLY FRIVO-
LOUS, AFTER A CONSCENTIOUS EXAMINATION. BUT THIS NEVER
HAPPENED. MS. GRAY NEGLECTED OCAMPO'S APPEAL. EVEN, SHE
NEVER CONTACTED HER CLIENT TO DISCUSS THE POSSIBLE ISSUES TO
RISE AN APPEAL. BY THE CONTRARY SHE WAIVED OCAMPO'S
APPEAL.

V- CONCLUSION:

PETITIONER IS NOT VERSED OF LAW, BUT BELIEVES THAT HE HAS EXPLAIN THROUGHT HIS § 2255 CLAIM THAT, (1) "JUDICIAL AND GOVERNMENT VIOLATIONS AT PLEA COLLOQUY FOR" VIOLATION OF SPEEDY TRIAL RIGHT" AND " VIOLATION OF RULE 11", (2) "JUDICIAL VIOLATION" AT DEFENDANT'S SENTENCING BECAUSE, THE COURT REJECTED TO ENFORCE THE DEFENDANT'S ORAL PLEA, AND (3) " INEFFECTIVE ASSISTANCE COUNSEL " AT ALL STAGES IN DEFENDANT'S CASE, EVEN IN APPEAL.

ACCORDINGLY PETITIONER WAS PREJUDICED AND END WITH A HIGHER SENTENCE, THAN THE ONE NEGOTED BY PLEA INCREASING 10 TIMES THE DRUG QUANTITY. SENTENCE SHOULD BE VACATED.

VI - RELIEF SOUGH.

(A)   AN ORDER REMANDING PETITIONER TO DISTRICT COURT WHERE HE CAN PROVE, COUNSEL'S INEFFECTIVE ASSISTANCE.

(B)   AN ORDER REMANDING PETITIONER TO DISTRICT COURT FOR HIS SENTENCE BE VACATED.

(C)   IF SAID EVIDENTIARY HEARING IS ORDERED BECAUSE A FURTHER FACTUAL INQUIRY IS NECESSARY TO RESOLVE THIS CLAIM PURSUANT TO THIS THE FIRST CIRCUIT'S DECLARATION IN MURCHU V. UNITED STATES, 926 F. 2d 50 (1ST CIR. 1991), PETITIONER IS RESPECTFULLY REQUESTING APPOINTMENT OF COUNSEL PURSUANT TO 18 U.S.C. § 3006 A (2)(B), OR

(D)   ANY OTHER FURTHER RELIEF THAT THIS HONORABLE DEEMS JUST AND APPROPRIATE AND IN THE INTEREST OF JUSTICE.

FINALLY, IN ADDITION TO THE ABOVE REQUESTED RELIEF,

PETITIONER RESPECTFULLY SUBMITS THAT HE IS ENTILED TO FIVE PROCEDURAL PROTECTIONS WHEN BRINGING A HABEAS CORPUS ACTION IN FORMA PAUPERIS. THEY ARE:

1) PROCESS ISSUED AND SERVED;

2) NOTICE OF ANY MOTION THEREAFTER MADE BY DEFEN- DANT/RESPONDENT OR THE COURT TO DISMISS THE COMPLAINT AND THE GROUNDS THEREFORE;

3) AN OPPORTUNITY TO AT LEAST SUBMIT A WRITING ME- MORANDUM IN OPPOSITION TO SUCH MOTION;

4) IN THE EVENT OF DISMISSAL, A STATEMENT OF GROUNDS THEREFORE; AND

5) AN OPPORTUNITY TO AMEND THE COMPLAINT TO OVER- COME ANY DEFICIENCY UNLESS IT CLEARLY APPEARS FROM THE COMPLAIN THAT THE DEFICIENCY CANNOT BE OVERCOME BY AMENDMENT. NOLL V. CARLSON, 809 F.2d 1446 (9th CIR. 1987); SEE ALSO FEDERAL RULES OF CIVIL PROCEDURE 15 (a) (HABEAS CORPUS PETITIONS MAY BE "AMANDED OR SUPPLEMENTED AS PROVIDED IN THE RULES OF PROCEDURE APPLICABLE TO CIVIL ACTIONS"); LITTLEJON V. ARTUZ, 271 F.3d 360, 363 (2ND CIR. 2001).

RESPECTFULLY SUBMITED.

ARNULFO BARAJAS-OCAMPO
REG. NO. 91554-022
L.S.C.I.- ALLENWOOD
P.O. BOX 1000
WHITE DEER, P.A 17887

DONE THIS 11TH DAY OF OCTOBER, 2007