ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 15 2007

at __ o'clock and __ min. __ M.
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ARNULFO BARAJAS-OCAMPO<br><br>PETITIONER,<br><br>v.<br><br>UNITED STATES OF AMERICA<br>RESPONDANT. | Criminal No. 1:04-Cr-00279 JMS<br>Civil No. 06-10264<br>Habeas Proceeding No. _____ |

PETITIONER'S AFFIDAVIT
IN SUPPORT OF MOTION TO VACATE
SET ASIDE OR CORRECT SENTENCE

    **Now comes**, Arnulfo Barajas-Ocampo, Petitoner/ Affiant in the above captioner matter an hereby depose and say pursuant **28 U.S.C. § 1746**, under the penalty of perjury the following:

    1. I am the same Arnulfo Barajas-Ocampo, who was previouly "Defendant" in the above captioned case of United States of America v. Barajas-Ocampo, in the United States District of Hawaii and later a "Defendant Appellant" in the above captioned case too, in the Court of Appeals for the Ninth Circuit. United States of America, Plantiff Appelle v. Barajas-Ocampo, Defendant Appellant.

    2. I was represented in trial and appeal by Donna M. Gray, Assistant Federal Defender. 300 Ala Moana Blvd., Room 7-14 Honolulu, Hawaii 96850. (808) 541 2521.

    3. I was arrested on July 14, 2004 at Honolulu,

- 2 -

Hawaii, in "La Cucaracha" restaurant after a controlled transaction of two onces of **METHAMPHETAMINE**. The night before my arrest, I delivered a drug "sample" to the Government at Captain Zach's Bar (0.83 grams of methamphetamine).

4. On both meetings with the government and its CI, I was under the influence of alcohol and drug. Alcohol & cocaine was my vices. This was my "life style". Even, the Court at my sentencing recomended I participate in the 500 hours "Comprehensive Drug Treatment Program" at BOP.

5. On unknow date the defendant was indicted an his indictment was filed in the United States District Court for the District of Hawaii, on **July 28, 2004**. Defendant Barajas-Ocampo was charged with his codefenders, in a two counts indictment for conspiring to distribute, and posses to distribute **50 grams or more of methamphetamine**, its salts, isomers and salts of its isomers, approximately **394.3 grams** (gross weight), a scheduled II controlled substance, in violation of **Title 21 U.S.C. § 846, 841 (a) (1) & 841 (b) (1)(A)**.

But, defendant's cousel, never **challenged** her client's indictment because, defendant **didn't commit an offense against the United States**. Arnulfo Barajas-Ocampo was not charged in violation of **title 18 U.S.C. §2**.

Defendant Arnulfo Barajas-Ocampo's indictment is whole silent of violation of **title 18 U.S.C. § 2 (a) or (b)**. The failure at indictment to include the essential element of **Willfulnes or aiding and abeiting**, by charging Barajas-Ocampo with violating 18 U.S.C. 2, renders an indictment constitutionally defective.

- 3 -

6. Pursuant to **18 U.S.C. § 2**, the language in the indictments specifically states under section 2 (a) and (b):

> (a) "Whoever commits an offense against the United States or aids, abest, counsels, comands, induces or procures its commissions, is punishable as a principal".

> (b) "Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United states, is punishable as principal".

7. There is no doubt that the Court lack jurisdiction to process and sentenced Barajas-Ocampo because, his indictment's failure to charge an offense **against** United States. As unquestionable is that Ms. Donna M. Gray rendered **INEFFECTIVE ASSISTANCE COUNSEL** and deprived Arnulfo Barajas-Ocampo of his **SIXTH AMENDMENT RIGHT.**

8. Furthermore, the **Ausa M. Sameshima**, mislead the Grand Jury because, the Government had not the lab report until **07/28/04** when the DEA Southwest Laboratory at Vista, CA **COMPLETED** the analysis upon the drug that defendant delivered on July 13 & 14, 2004. But, signed by laboratory director on **08/11/04**, and the analysis of the drug seized to defendant's co-cospirators on **07/15/04**, were completed between **07/28/04** to **08/25/04** but, signed by laboratory director, between **08/11/04** to **09/02/04**. By Counsel's failure to investigate defendant's discovery, Arnulfo Barajas-Ocampo was deprived of his **SIXTH AMENDMENT RIGHT.**

9. On **May 12, 2005**, without seeing my discovery material and without explanation from Ms. Gray about the nature of my ofense, just my counsel's proposal to collaborate with the gov to arrest more persons to receive the U.S. attroney help to reduce my sentence. I changed my plea in

- 4 -

Court and my counsel guided my responses to Magistrate Judge Leslie E. Kobayashi to plead guilty on counts one and two of the indictment because, Ms. Gray promized me a lesser sentence on May 5, 2005 when I told the Court that I was not ready to plead because I don't understand my charges. Then, the Court continued my hearing to withdraw my not guilty plea to May 12, 2004.

10. At my plea colloquy, even, Magistrate Judge Kobayashi, didn't instruct Barajas-Ocampo about the nature of the elements of the crime. To the contrary, the Court addressed the U.S. attorney to summarize the essential elements that the gov would have to prove if this went to trial.

11. After the gov summarized the elements of the crime, Magistrate Judge asked defendant's counsel:

> "Ms. Gray, do you disagree in any respect with that summary?"
>
> "Ms. Gray replied, no, Your Honor. The elements are correctly stated".

12. From the very begining Ms. Donna M. Gray, showed her ineffectiveness in the case at bar. Ms. Gray neglected the duties of her oath.

13. The petitioner pled guilty on counts one and two of the indictment charging him with conspiracy to distribute and posses with intent to distribute **50 grams** or more of **methamphetamine**, its salts, isomers and salts of its isomers.

14. The AUSA Ms. Sameshima, when sumarized the essential elements at the plea guilty, she stated **three**

- 5 -

diferent kinds of drug for sentencing purpose. **Methamphetamine; d-methamphetamine and "ice"**.

15. But, neither the Court nor the defendant's counsel instructed Barajas-Ocampo, than **d-methamphetamine and "ice" are diferent drugs** than **methamphetamine, [i]ts salts, isomers and salts of its isomers**, for sentencing pur purposes.

16. Even, when the Court led defendant's pled, Your Honor used those terminologies too, but Ms. Donna M. Gray directed her client's responses to the Court.

17. At defendant Barajas-Ocampo's sentencing hearing Your Honor J. Michael Seabright began asking Ms. Gray if we had full opportunity to read, review and discuss teh **PSR** and **ADDENDUM**, and if we made any and all objections to the report that we wish?

> "Ms. Gray: Yes. Your Honor.
> Defendant: Yes".
> Counsel Gray, one more time led her
> client's responses.

18. Counsel Gray didn't review the PSR with defendant. Furthermore, Ms. Donna M. Gray, ignored Barajas-Ocampo's letters requesting her to investigate the discovery, specially the investigation reports because, one of the agents involved in the investigation and arrest of the participants in the ofense charged, was under investigation for corruption. Furthermore, the defendant requested his counsel to file motion(s) for downward departure and sent her cases of law where our circuit granted mitigation factors. Ms. Gray neglected her client.

19. The Court stated at my sentencing that I pled guilty to counts 1 and 2 of the indictment without plea agreement. Count 1 charged me with conspiracy to distribute and possession with intent to distribute **50 grams or more of "methamphetamine"**. And Count 2 charges possession with intent to distribute 50 grams or more of **"methamphetamine"**.

20. The Honorable Judge J. Michael Seabright, stated that he would adopt the presentence investigation report to sentence Barajas-Ocampo. Despite, the fact that probation officer Rosanne T. Donohoe was in the Court at sentencing hearing, the Court just asked her if the issue of "substance abuse treatment", sholud be included as a condition or supervision, because the defendant will be going presumably out of the country. Of course her response was negative.

22. Counsel Gray had a deficient performance even at defendant's sentence. Ms. Gray in a poor intervention for her client, she asked the Court to reduce the low and of the guideline by 15 months to the minimum term of 120 months.

23. Counsel Gray mentioned Mr. Ocampo's alienage and because of his status he will not be elegible for the incentives connected to the drugs program, which are possible sentence reduction of up to one year and aditional halfway house prerelease time. Even, she stated in court that by the situation of the immigration detainer that I will receive, I can never receive the type of sentencing reductions that are available to inmates without detainers.

24. Ms. Donna M. Gray, abandoned her adversary party and denied Barajas-Ocampo's **sixth amendment right** to an effective defense. Counsel was absent at every **"critical stages"** in the case at bar. Even at defendant's appeal.

- 7 -

25. At defendant/appellant's, Ms. Donna M. Gray stated that Arnulfo Barajas-Ocampo had not merits to rise an appeal. Counsel's performance were shameful on both represen- tations, trial and appeal. **Counsel's ineffective** prejudiced her client.

**AFFIANT FURTHER SAYETH NAUGHT**

Done this 11 day of OCTOBER, 2007.

Respectfully Submitted,

*Arnulfo Ocampo*
Arnulfo Barajas-Ocampo
Pro-se
Reg. No. 91554-022
L.S.C.I. Allenwood
P.O.Box 1000
White Deer, PA 17887