UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 15 2007

at ___ o'clock and ___ min ___ M.
SUE BEITIA, CLERK

ARNULFO BARAJAS-OCAMPO
PETITIONER,

v.

UNITED STATES OF AMERICA
RESPONDENT.

CRIMINAL 1:04-00279 JMS1

CIVIL 07-00522 JMS

PETITIONER'S PRO-SE MEMORANDUM
OF LAW IN SUPPORT OF MOTION OF
VACATE, SET ASIDE OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255

NOW COMES, ARNULFO BARAJAS-OCAMPO, PETITIONER PRO-SE IN THE SPIRIT OF HAINES v. KERNER, 404 U.S. 519 (1972) IN HIS MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255, AND HEREBY RESPECTFULLY REQUEST THIS HONORABLE COURT FOR RELIEF HERE IN BASED UPON THE FOLLOWING:

I- CASE HISTORY

PETITIONER WAS INDICTED ON AN UNKNOW DATE, BUT AFTER JULY 24, 2004 BY THE DISTRICT OF HAWAII, DEFENDANT ARNULFO BARAJAS-OCAMPO, ALSO KNOWS AS MIGUEL LNU AND JOSE LUIS CERVANTES ("OCAMPO"), JOHN MICHAEL WALDROUPE ("WALDROUPE") AND SUSAN DARLENE MAKIO ("MAKIO"), CHARGIM ALL THEM WITH:

COUNT ONE: CONSPIRACY TO DISTRIBUTE AND

POSSES WITH INTENT TO DISTRIBUTE 50 GRAMS OR
MORE OF METHAMPHETAMINE, ITS SALTS, ISOMERS AND
SALTS OF ITS ISOMERS, APPROXIMATELY 394.3
GRAMS (GROSS WEIGHT), IN VIOLATION OF TITLE
21 U.S.C. SECTIONS 846, 841 (a) (1) AND 841 (b)
(1) (A). SEE EXHIBIT A.


AFTER MS. DONNA M. GRAY WERE APPOINTED TO DEFENDANT'S
CASE, SHE VISITED SOME TIMES BARAJAS-OCAMPO, AND DEFENDANT AL-
WAIS REQUESTED HER FOR HIS DISCOVERY BUT, MS. GRAY, ALWAYS RE-
QUESTED HIM FOR HIS COLLABORATION TO HELP THE GOVERNMENT TO ARREST
MORE PEOPLE. DEFENDANT ALWAIS REPLIED TO HER, THAT HE TOLD THE
AGENTS ALL HE RECALLED TO ARREST HIS CODEFENDERS AND, EXPLAINED
THAT HE NEEDS THE PAPERS TO KNOW ABOUT HIS CASE BECAUSE DEFEN-
DANT ALWAIS WERE UNDER THE INFLUENCE OF ALCOHOL AND COCAINE
AND BY THIS, HE CAN'T RECALL GOOD WHAT HE DID.


ON TIME, DEFENDANT INFORMED MS. GRAY, THAT ONE OF
THE AGENTS ON HIS CASE HAD PROBLEMS BY CORRUPTION AND WAS
UNDER INVESTIGATION. BECAUSE OF THIS ISSUE SOME PERSONS THAT
WERE ARRESTED AT THE SAME PLACE THAT BARAJAS-OCAMPO IN A
DRUG CONSPIRACY WERE DISMISSED OF THEIR CHARGES. BARAJAS-
OCAMPO GAVE MS. GRAY THE INFORMATION OF THOSE PERSONS TO
INQUIRY THE ISSUE THAT COULD HELP HIM AT HIS PROCESS. BUT,
THE DEFENDANT'S COUNSEL INFORMED THAT THIS ISSUE WOULDN'T
HELP HIM BECAUSE S/A MICHAEL D. ROTHERMUND WAS NOT
ASIGNED TO HIS CASE. ANY WAY, MS. GRAY CONFIRMED THAT
S/A ROTHERMUND'S MISCONDUCT AFFECTED THE CASE OF THAT
PEOPLE THAT WERE RELEASED.

DEFENDANT INSISTED MS. GRAY FOR HIS DISCOVERY AND GAVE HIM SOME REPORTS OF INVESTIGATION. ON SUCH DOCUMENTS, DEFENDANT DISCOVERED THAT S/A MICHAEL D. ROTHERMUND PARTICIPATED AT HIS CASE.

THE REPORT OF THE "FREE SAMPLE" OF METHAMPHETAMINE THAT DEFENDANT DELIVERED TO S/A JUDE TANELLA ON JULY 13, 2004 AT "CAPTAIN ZACK'S BAR" WERE SUBMITTED AND SIGNED BY S/A WILLIAM WISSE. SEE **EXHIBIT B**.

THE REPORT OF THE TWO ONCES OF METHAMPHETAMINE THAT DEFENDANT SOLD TO THE GOVERNMENT AND S/A JUDE A. TANELLA RECEIVED ON JULY 14, 2004 AT "LA CUCARACHA RESTAU-RANT" WHEN BARAJAS-OCAMPO WAS ARRESTED, WAS SUBMITED AND SIGNED BY S/A JUDE A TANELLA. SEE **EXHIBIT C**.

BUT THE REST OF THE REPORTS, WHEN THE AGENTS ARRESTED BARAJAS-OCAMPO'S CODEFENDERS ON JULY 15, 2004 AT "MIRAMAR WAIKIKI HOTEL", WHERE SUBMITTED AND SIGNED BY **S/A MICHAL D. ROTHERMUND**. EVEN, OFFICER ROTHERMUND PARTICIPATED IN IN THE ARREST AND EXECUTION OF A FEDERAL SEARCH WARRANT AT THE ROOM 2120, "MIRAMAR WAIKIKI HOTEL" WERE DEFENDANT'S CODEFENDERS WERE ARRESTED AND THE GOVERNMENT SEIZED DRUG CHARGED AT DEFENDANT'S INDICTMENT.

MS. DONNA M. GRAY, THE COURT APPOINTED COUNSEL LIED BARAJAS-OCAMPO AND SURRENDERED HER ADVERSARY PARTY. COUN-SEL DEPRIVED HER CLIENT OF HIS SIXTH AMENDMENT RIGHT TO COM-

PETENT DEFENSE BECAUSE IS CLEAR THAT S/A MICHAEL D. ROTHERMUND PARTICIPATED IN ACTIVITY IN THE CASE AT BAR. SEE EXHIBIT D.

ON APRIL 20, 2005, THE COURT SCHEDULED THE DEFENDANT'S CHANGE OF PLEA HEARING TO MAY 02, 2005. BUT FEW MINUTES BEFORE, BARAJAS-OCAMPO'S CHANGE OF PLEA, HE TOLD HIS COUNSEL THAT HE WAS NOT PREPARED FOR SUCH CHANGE BECAUSE WAS NOT CLEAR FOR HIM, HIS PARTICIPATION IN THE OFFENSE IN THE WAY THE GOVERNMENT PRESENTED DEFENDANT'S CASE AT THE COURT. DEFENDANT TOLD MS. GRAY THAT SHE HAD NOT ANSWER TO HIS LETTERS WERE BARAJAS-OCAMPO REQUESTED SEVERAL ISSUES THAT SHE REJECTED TO DISCUSS WITH HIM. DESPITE MS. GRAY'S ANGER, SHE REQUESTED THE COURT TO CONTINUE PLEA COLLOQUY AND THE COURT RE-SET IT FOR MAY 12, 2005. SEE EXHIBIT E.

BEFORE THE NEW HEARING TO WITHDRAWAL OF NOT GUILTY PLEA AND TO PLEAD A NEW, COUNSEL GRAY TOLD DEFENDANT THAT THE ONLY WAY TO GET A LESSER SENTENCE COULD BE IF HE AGREED TO FOLLOW HER DIRECTION TO RESPOND THE COURT AND PROMISED HIM TO DO HER BEST TO GET A LESSER SENTENCE. THEN THE DEFENDANT AGREED WITH HIS COUNSEL TO PLEAD GUILTY.

ON MAY 12, 2005, THE HONORABLE MAGISTRATE LESLIE E. KOBAYASHI REQUESTED THE DEFENDANT:

     THE COURT: HAVE YOU DISCUSSED THOSE CHARGES AND
     ALL THE FACTS SURRENDING THOSE CHARGES WITH YOUR
     LAWYER MS. GRAY?
     THE DEFENDANT: YES.

THE COURT: ARE YOU FULLY SATISFIED WITH THE LEGAL
REPRESENTATION YOU HAVE RECEIVED FROM MS. GRAY AS
YOUR LAWYER?

THE DEFENDANT: YES.

THE COURT: IN THE INDICTMENT, YOU HAVE BEEN CHAR-
GED WITH CONSPIRACY TO DISTRIBUTE AND POSSESS WITH
INTENT TO DISTRIBUTE FIFTY GRAMS OR MORE OF ME-
THAMPHETAMINE, ITS SALTS, ISOMERS AND SALTS OF
ITS ISOMERS. DO YOU UNDERSTAND THIS CHARGE?

THE DEFENDANT: YES. SEE EXHIBIT F1.

THE COURT: ALLRIGHT. DO YOU AGREE THAT YOU ARE
KNOWLEDGE RESPONSIBLE FOR FIFTY GRAMS OR MORE
OF METHAMPHETAMINE, ITS SALTS, ISOMERS AND SALTS
OF ITS ISOMERS AS CHARGED IN COUNT 1 OF THE
INDICTMENT?

THE DEFENDANT: YES. SEE EXHIBIT F2.

THE COURT: YOU HAVE BEEN CHARGED IN COUNT 2 OF
THE INDICTMENT WITH POSSESSION WITH INTENT TO DISTRIBUTE
FIFTY GRAMS OR MORE OF METHAMPHETAMINE, ITS
SALTS, ISOMERS AND SALTS OF ISOMERS. DO YOU UNDER-
STAND THIS CHARGE?

THE DEFENDANT: YES. SEE EXHIBIT F3.

THE COURT: DO YOU AGREE THAT YOU ARE KNOWINGLY
RESPONSIBLE FOR FIFTY OR MORE GRAMS OF METHAMPHE-
TAMINE, ITS SALTS, ISOMERS AND SALTS OF ITS ISOMERS
AND SALTS OF IT ISOMERS AS CHARGED IN COUNT 2

OF THE INDICTMENT ?

THE DEFENDANT : YES .   SEE EXHIBIT F4 .

THE COURT REQUESTED TO AUSA MS . SAMESHIMA TO SUMMA-
RIZE IF THIS MATTER WENT TO TRIAL , WHAT KIND OF EVIDENCE AS TO THE
FACTS THAT THE GOVERNMENT WOULD OFFER AT THE TIME OF THE TRIAL .

MS . SAMESHIMA: " YES , YOUR HONOR , WE WOULD OFFER
THE FOLLOWINGS FACTS IF THIS CASE WERE TO PROCEED TO
TRIAL AND THAT IS THAT BEGINING SOME TIME IN OR
AROUND JUNE OR JULY OF 2004 , THE DEFENDANT AGREED
WITH HIS CODEFENDERS SUSAN DARLENE MAKIO AND JOHN
MICHAEL WALDROUPE TO DISTRIBUTE AND POSSES WITH
INTENT TO DISTRIBUTE QUANTITIES OF METHAMPHETAMINE."
MR. WALDROUPE AND MS. MAKIO RESIDED AT VARIOUS HO-
TELS IN WAIKIKI AND DEFENDANT PROVIDED BOTH WAL-
DROUPE AND MAKIO WITH QUANTITIES OF METHAMPHETA-
MINE WHICH WALDROUPE DISTRIBUTED TO OTHERS AND ALSO
OFFERS THE TESTIMONY OF THE DEA AGENT ACTING IN AN
UNDERCOVER CAPACITY WHO WAS INTRODUCED TO MR.
OCAMPO BY AN INFORMANT AND THE DEFENDANT AGREED
TO PROVIDE THIS UNDERCOVER AGENT WITH A SAMPLE
OF ICE ."

FURTHERMORE , AUSA STATED THAT I PROVIDED THE DEA
AGENT WITH A SAMPLE OF ICE . THAT THE DEA LAB DETERMINED
WAS d - METHAMPHETAMINE HYDROCHLORIDE , THE SAME AS THE TWO OUN-
CES THAT I DELIVERED TO THE GOVERNMENT THE NEXT DAY . SHE STATED

TOO, THAT ON JULY 15th, 2004 AS A RESULT OF THE SEARCH WARRANT EVIDENCE WAS RECOVERED FROM BARAJAS- OCAMPO'S CO-CONSPIRATOR'S HOTEL ROOM THAT THE DEA'S LAB DETERMINED WERE A TOTAL OF 217.3 GRAMS OF d-METHAMPHETAMINE HIDROCHLORIDE. EVEN WHEN I WAS INDICTED FOR <u>METHAMPHETAMINE</u>. SEE <u>EXHIBIT G</u>.

HERE, THE U.S. ATTORNEY INVOLVED 3 DIFFERENT TYPE OF DRUGS FOR PURPOSE OF DIFERENT SENTENCES UNDER U.S.S.G.§ 2D.1.1. SEE <u>EXHIBIT H</u>.

WHEN YOUR HONOR STATED:

THE COURT: ALL RIGHT. MR. OCAMPO-BARAJAS, TELL ME ON YOUR OWN WORDS WHAT IT IS THAT YOU DID THAT MAKES YOU GUILTY OF <u>COUNT 1</u>, WHICH CHARGES YOU WITH KNOWINGLY AND INTENTIONALLY CONSPIRING TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE **FIFTY GRAMS OR MORE OF <u>METHAMPHETAMINE</u>**, WHAT DID YOU?

THE DEFENDANT: WELL, **I DON'T HAVE MUCH KNOW-LEDGE** BECAUSE OF MY <u>ADDICTION TO ALCOHOL AND COCAINE</u>, AND WITHOUT MY REALLY REALIZING IT, THEY USED MY KNOWLEDGE TO DISTRIBUTE OR TO PLAN DISTRIBUTE.

THE COURT: OKAY. THE PERIOD OF TIME THAT WE'RE TALKING ABOUT. WOULD THIS BE JULY OF 2004.

THE DEFENDANT: <u>UM HM</u>.

THE COURT: IS THAT IS YOUR ANSWER; YES?

THE DEFENDANT: YES.

THE COURT: ALL RIGHT. AND IN JULY OF 2004, DID MR. WALDROUPE AND MS. MAKIO PROVIDE A SAMPLE OF METHAMPHETAMINE TO YOU SELL TO OTHER PEOPLE.

THE DEFENDANT: YES.

THE COURT: ALL RIGHT. AND HAVE YOU BEEN SHOW A LABORATORY REPORT FOR THOSE TWO ONCES OF METHAMPHETAMINE? THAT SHOWS THAT ITS 56.3 GRAMS OF d-METHAMPHETAMINE HYDROCLORIDE OF 88 PERCENT PURITY.

THE DEFENDANT: YES.

THE COURT: ALL RIGHT. DO YOU DISPUTE THAT THE TWO OUNCES OF ICE OF 88 PERCENT PURITY?

THE DEFENDANT: NO.

THE COURT: OKAY. SO THAT'S - - - ALL RIGHT, FOR COUNT 2 OF THE INDICTMENT, IT CHARGES YOU WITH KNOWINGLY AND INTENTIONALLY POSSESSING WITH THE INTENT TO DISTRIBUTE FIFTY GRAMS OR MORE OF METHAMPHETAMINE. WHAT IS THAT YOU DID THAT MAKES YOU GUILTY OF COUNT 2?

THE DEFENDANT: WELL, I - - - YES, I TRY TO DISTRIBUTE FIFTY OR MORE GRAMS TO AN OTHER PERSON. SEE EXHIBIT I.

WHEN THE COURT SAID: ALL RIGHT, BARAJAS- OCAMPO AS TO COUNT ONE THAT CHARGES YOU WITH KNOWINGLY AND

AND INTENTIONALLY CONSPIRING TO DISTRIBUTE AND POSSESS
WITH INTENT TO DISTRIBUTE **FIFTY GRAMS OR MORE OF METH-
AMPHETAMINE**, HOW DO YOU PLEAD TO THAT CHARGE, SIR; GULTY
OR NOT GUILTY?

THE DEFENDANT ANSWERED: " WELL, I WASN'T IN MY-- I
DIDN'T HAVE MY FIVE SENSES WITH ME. I WAS JUST--I WAS
DRUNK EVERY DAY." "OKAY GUILTY."

THE COURT REPLIED: " OK, YOU'RE PLEADING GUILTY TO THE
CONSPIRACY TO POSSESS AND DISTRIBUTE OVER **FIFTY GRAMS OF
METHAMPHETAMINE**. IS THAT CORRECT?

THE DEFENDANT: YES.

THEN THE COURT STATED: " OKAY, AND AS TO COUNT TWO,
THAT CHARGE THAT YOU KNOWLINGLY AND INTENTIONALLY POSSESS
WITH THE INTENT TO DISTRIBUTE **FIFTY GRAMS OR MORE OF METH-
AMPHETAMINE** ON OR ABOUT JULY 15, 2004. HOW DO YOU PLEAD
THAT CHARGE : GUILTY OR NOT GUILTY?

BARAJAS-OCAMPO PLED **GUILTY**. SEE **EXHIBIT J.**

THE RECORD SHOWS THAT IS UNQUESTIONABLE THAT BARA-
JAS-OCAMPO WAS DIRECTED BY MS. GRAM AT HIS RESPONSES TO THE
COURT AT HIS PLEA COLLOQUY. EVEN, WHEN THE COURT, THE SAME AS
THE GOVERNMENT MENTIONED **2 DIFFERENT** SORTS OF DRUGS THAN
THE TYPE CHARGED IN THE INDICTMENT (**METHAMPHETAMINE**) FOR SEN-
TENCING$ ENHANCEMENT PURPOSES. THE DEFENDANT PLED GUILTY
FOR THE **DRUG AND QUANTITY** CHARGED IN THE INDICTMENT "**50 GRAMS
OR MORE OF METHAMPHETAMINE.**" SEE **EXHIBITS A, G & J.**

AT SENTENCING HEARING ON APRIL 6, 2006 THE COURT

REQUESTED MS. GRAM AND DEFENDANT BARAJAS-OCAMPO IF WE HAD OPPORTUNITY TO READ, REVIEW AND DISCUSS THE PRESENTENCE REPORT (PSR) AND THE ADENDUM AND MAKE ANY AND ALL OBJECTIONS TO THE REPORT THAT WE WISH.

MS. GRAY ANSWER: YES, YOUR HONOR.

THE COURT REQUEST ME: IS THAT RIGHT, MR. OCAMPO?

I REPLIED THE COURT: YES.

AFTER THE COURT STATED THAT DEFENDANT PLEAD GUILTY FOR COUNT ONE AND COUNT TWO OF THE INDICTMENT. THE COURT NOTED NEITHER THE GOVERNMENT NOR THE DEFENSE MADE OBJECTIONS TO THE GUIDELINES CALCULATIONS. THE RESPONSE OF BOTH PARTIES WERE: "THAT'S CORRECT, YOUR HONOR." SEE EXHIBIT K.

AFTER THIS, MS. GRAY STATED:

MS. GRAY: YOUR HONOR, WHAT MR. OCAMPO WISHED ME TO DO IN OUR RESPONSE TO THE DRAFT REPORT WAS SIMPLE TO GIVE HIS VERSION OF THE ROLE THAT HE PLAYED, WHICH DIFFERED FROM THE VERSION THAT HE BELIEVED WAS BEING GIVEN TO THE COURT BY CO-DEFENDANT WALDROUPE. HE DOES NOT DENY HIS PARTICIPATION IN THIS CONSPIRACY AND THE THINGS THAT HE DID AS FAR AS MEETING WITH THE UNDERCOVER OFFICER AND FACILITATING THE TWO PURCHASES MADE TO THE UNDERCOVER OFFICER — — — WHAT HE DISPUTES WAS MR. WALDROUPE'S VERSION THAT MR. WALDROUPE WAS COMPLETELY INOCENT OF THAT — — — THOSE PAR-

TICULAR DRUGS", WHEREAS, MR. OCAMPO'S POSITION
WAS ALL THREE OF THEM POSSESSED THOSE DRUGS.
**ALL THREE** OF THEM INTENTED TO DISTRIBUTE IT.
SEE **EXHIBIT L**.

IMMEDIATELY THE COURT STATED: " ALL RIGHT. WELL, ARE YOU
SATISFIED THAT THROUGH INCORPORATION OF YOUR SENTENCING STA-
TEMENT BY WAY OF ATTACHMENT THAT THE REPORT IS COMPLETE NOW?"
MS. GRAY : "YES, I DO, YOUR HONOR ."
THE COURT : " SO I DON'T NEED TO MAKE ANY FACTUAL
FINDINGS, THEN ."
MS. GRAY : " NO, YOUR HONOR ."
THE COURT : " ALL RIGHT, SO WITH THAT, THEN, I **WILL**
**ADOPT THE PRESENTENCE INVESTIGATION REPORT**, WHICH, OF COURSE,
INCLUDES MS. GRAY'S SENTENCING STATEMENT, WHICH IS INCORPORATED
TO THE REPORT BY ATTACHMENT, AS THE FACTUAL FINDINGS OF THE COURT,
AS WELL AS THE CONCLUSIONS AS THE **APPLICABLE GUIDELINES** AND
MS. GRAY SPOKE OF HER **MEMORANDUM** FILED IN COURT FOR SENTENCING
AND ASKED THE COURT TO IMPOSE A SENTENCE AT THE MINIMUM TERM OF
120 MONTS . SEE **EXHIBIT M**.

FURTHERMORE, COUNSEL GRAY ASKED THE COURT TO CONSI-
DER REDUCING THE "ADVISORY GUIDELINE" TO THE MINIMUM TERM IS
BASED UPON MR. OCAMPO' ALIENAGE . BUT LATER, SHE CONTRADICTED
HER SELF STATING: HOWEVER, IF ANY INMATE HAS A DETAINER PLA-
CED UPON HIM, AS DOES MR. OCAMPO, HE WILL NOT BE ELIGIBLE FOR THE
INCENTIVES CONECTED TO THAT PROGRAM, WHICH ARE A POSSIBLE SENTENCE
REDUCTION UP TO ONE YEAR AND ADDITIONAL HALFWAY HOUSE PRE RE-
LEASE TIME... SO IT SITUATES AN ALIEN, WHO WILL ALWAIS HAVE AN

11

IMMIGRATION DETAINER, IN A SITUATION WHERE HE CAN NEVER RECEIVE THE SENTENCING -- THE TYPE OF SENTENCING REDUCTIONS THAT ARE AVAILABLE TO INMATES WITH OUT DETAINERS." SEE <u>EXHIBIT N.</u>

AT DEFENDANT'S SENTENCE, MS. GRAY'S ARGUMENTS TO SEEK A REDUCTION OF SENTENCE IN THE MANNER SHE PROMISED TO HER CLIENT WERE VAGE. SHE WAIVED TO SEEK "MITIGATING FACTORS FOR HER CLIENT ARNULFO BARAJAS-OCAMPO. SHE WAS INEFFECTIVE-NESS. EVEN, YOUR HONOR SAID:

"THEY DON'T, I THINK, CONVINCE ME SUFFICIENTLY TO GO OUT SIDE THE GUIDELINE." SEE <u>EXHIBIT O.</u>

MS. DONNA M. GRAY'S DEFICIENT PERFORMANCE IN DEFENDANT'S CASE IS CLEARLY. SHE IGNORED DEFENDANT'S REQUEST FOR MITIGATING FACTORS INTER ALIA, MITIGATING FACTOR FOR" MENOR PARTICIPA-TION." DEFENDANT GAVE HER PERSONALLY AND MAILED CASES OF LAW TO OBJECT THE PSR OR ADENDUMS. SEE <u>EXHIBITS P.</u>

MS. DONNA M. GRAY'S DEFICIEN PERFORMANCE IN DEFENDANT'S CASE WERE REFLECTED EVEN, AT BARAJAS-OCAMPO'S APPEAL. IN DEFENDANT'S "OPENING ANDERS BRIEF" AT HER STATMENT OF THE ISSUES PRESENTED, SHE SUBMITS:

"HAVEN CONSCIENTIOUSLY REVIEWED "THE RECORD, COUNSEL BELIEVES THE "APPEAL IS FRIVOLOUS AND ARE NO ISSUES TO APPEAL." MS. GRAY NEGLECTED HER CLIENT ONE MORE TIME. SEE <u>EXHIBIT</u>

<u>II. ISSUE</u>

12

PETITIONER PRESENTS FOUR ISSUES IN HIS CLAIM THAT SUPPORT HIS HABEAS CORPUS PURSUANT 28 U.S.C. § 2255.

(1) "INEFFECTIVE ASSISTANCE COUNSEL" AT ALL CRITICAL STAGES, IN THE CASE AT BAR. BECAUSE OF DEFENDANT'S COUNSEL DONNA M. GRAY'S INEFFECTIVE ASSISTANCE AND INADEQUATE REPRESENTATION DURING THE PRE-TRIAL PHASE UPON THE CHANGING OF PLEA IN BARAJAS-OCAMPO'S CASE, RENDERING THE PROCEEDINGS PREJUDICIAL THROUGH THE SENTENCING PHASE. EVEN FOR FAILING TO IDENTIFY POTENTIAL ARGUMENTS TO RAISE ON APPEAL FOR HER CLIENT. INSTEAD FILING AN ANDERS BRIEF, REQUESTING THE ENFORCEMENT OF APPEAL'S WAIVER.

(2) "MISCONDUCT OF PROSECUTION" AT THE GRAND JURY PROCEEDINGS, MISLEADINGS JURORS TO ENFORCE FEDERAL CRIMINAL LAW TO INDICT ARNULFO BARAJAS-OCAMPO, ATTEMPTING TO THE PUBLIC INTEREST; GOVERNMENT VIOLATION AT THE CRITICAL GUILTY PHASE WHEN AGREED WITH THE COURT FOR A HIGHER SENTENCE, RATHER THAN THE FACTUAL BASIS ACCEPTED BY DEFENDANT AT HIS CHANGE OF PLEA. MAKING THE GUILTY PLEA AN AMBIGUOS, ONE WITH A SENTENCE RANGE WAY OVER THE FACTUAL BASIS, DRUG TYPE, QUANTITY AND QUALITY.

(3) "JUDICIAL VIOLATION" AT THE CRITICAL GUILTY PHASE IN FRONT THE MAGISTRATE JUDGE MAKING AMBIGUOS STATEMENTS ABOUT THE DRUG INVOLVED IN THE OFFENSE FOR SENTENCING PURPOSES, USING A LANGUAGE IN COURT THAT WAS INCOMPREHENSIBLE FOR DEFENDANT.

(4) "JUDICIAL VIOLATION" AT SENTENCING BY ADOPTING THE PSR TO BOOST OUTRAGEOUSLY DEFENDANT'S OFFENSE LEVEL, EVEN THE DEFENDANT'S CRIMINAL HISTORY.


III - RULE OF LAW

THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, CLEARLY PROVIDES A RIGHT TO HAVE THE ASSISTANCE OF COUNSEL IN ALL CRIMINAL PROSECUTIONS. THE EVALUATION FOR DETERMINING WHETHER AND INDIVIDUAL FELL VICTIM TO INEFFECTIVE ASSISTANCE OF COUNSEL WAS FULLY ADDRESSED IN STRICKLAND v WASHINGTON, 466 U.S. 688, 105 S.CT. 2052, 80 L.Ed. 2d 674 (1974). WHERE THE COURT HELD THAT A DEFENDANT ASSERTING AN INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM, MUST MEET THE FOLLOWING TWO PRONG TEST:

(1) THE DEFENDANT MUST SHOW THAT COUNSEL'S PERFORMANCE WAS DEFFICIENT. THIS REQUIRES A SHOWING THAT COUNSEL MADE ERRORS SO SERIOUS THAT COUNSEL WAS NOT FUNCTIONING AS THE COUNSEL GUARANTEED BY THE SIXTH AMENDMENT.

(2) THE DEFENDANT MUST THEN SHOWS THE DEFI-CIENT PERFORMANCE PREJUDICE THE DEFENSE. THIS REQUIRES A SHOWING THAT COUNSEL MADE ERRORS SO SERIOUS AS TO DEPRIVE THE DEFENDANT TO A FAIR TRIAL.

ACCORDING TO STRICKLAND, "A CONVICTED DEFENDANT MA-KING A CLAIM OF INEFFECTIVE ASSISTANCE COUNSEL, MUST, IDENTIFY THE ACTS OR THE OMISSIONS OF COUNSEL THAT (WERE) NOT THE RESULT OF REASONABLE AND PROFFESSIONAL JUDGMENT." STRICKLAND, SUPRA, 466 U.S. AT 695.

14

AS THE PRESENT CASE, THE PETITIONER WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL THROUGH-OUT THE REMANDING JUDICIAL PROCESS. THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL DOES NOT END AT THE CONCLUSION OF TRIAL, BUT CONTINUES THROUGH-OUT THE REMAINING PHASES OF THE PROCESS. IT IS WITHOUT QUESTIONS THAT THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL INCLUDES **TRIAL, SENTENCING, AND DIRECT APPEAL**, SEE **STRICKLAND SUPRA**.

THE PURPOSE OF THE SIXTH AMENDMENT GUARANTEE IS TO ENSURE THAT A DEFENDANT HAS THE ASSISTANCE NECESSARY TO JUSTIFY RELIANCE ON THE OUTCOME OF THE PROCEEDINGS. ACCORDINGLY, ANY DEFICIENCIES IN COUNSEL'S PERFORMANCE MUST BE PERJUDICIAL TO THE DEFENSE IN ORDER TO CONSTITUTE INEFFECTIVE ASSISTANCE OF COUNSEL IN CERTAIN SIXTH AMENDMENT CASES, AS WILL BE ESTABLISHED IN THE PRESENT CASE, PREJUDICE MUST BE PRESUMED. IN THE CONTEXT OF ACTUAL OR CONSECUTIVE DENIAL OF THE ASSISTANCE OF COUNSEL, IT IS LEGALLY PRESUMED TO RESULT IN PREJUDICE.

THEREFORE, WITHOUT **STRICKLAND**, THERE WOULD BE NO QUESTION ABOUT IT, IN A NUT SHELL, IT IS UNDISPUTED THAT THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL INCLUDE ALL STAGES OF THE CRIMINAL JUDICIAL PROCESS.

DEFENDANT'S PLEA OF GUILTY IS PERHAPS THE LAW'S MOST SIGNIFICANT WAIVER OF CONSTITUTIONAL RIGHTS AND DIS-

TRICTS COURTS MUST ADMINISTER THIS PROCEEDINGS OBJETIVELY, DILIGENTLY AND WITH FULL ATTENTION TO DETAIL. U.S. V. ANDRA-DES, 169 3F.d 131 (2ND CIR. 1999).

WHEN A DRUG QUANTITY DETERMINATION EXPOSSES A DEFENDANT TO A HIGER STATUTORY MAXIMUM SENTENCE THAN HE WOULD OTHERWISE FACE, **DRUG QUANTITY IS A CRITICAL ELEMENT OF THE CHARGED OFFENSE** OF WHICH THE DEFENDANT MUST BE **ADE-CUATELY INFORMED** BEFORE A GUILTY PLEA IS ACCEPTED. U.S. V. VILLALOBOS, 333 F.3d 1070 (9TH CIR. 2003).

DEFENDANT'S SUSTANTIAL RIGHTS ARE VIOLATED AS REQUI-RED FOR PLAIN ERROR, IF DISTRICT COURTS FAILS TO SATISFY ANY OF CORE OBJETIVES OF RULES GOVERNING ACCEPTANCE OF GUILTY PLEA IS FREE OF COERCION, THAT DEFENDANT UNDERSTAND **NATURA AND CHARGES** AGAIN HIM OR HER, AND THAT DEFENDANT IS AWARE OF DIRECT CONSEQUENCES OF GUILTY PLEA. U.S. V. QUI-NONES, 97 F.3d 473 (11TH CIR 1996).

## FIRST PRONG

COUNSEL'S PERFORMANCE WAS DEFICIENT AT PETITIONER'S PLEA NEGOTIATIONS BY MS. GRAY'S FAILURE TO INVESTIGATE BA-RAJAS-OCAMPO **BRADY MATERIAL.** COUNSEL FAILED TO REVIEW HER CLIENT'S **INDICTMENT,** BECAUSE SHE DIDN'T NOTE THE

DEFENDANT WAS NOT CHARGED WITH **COMMITING AN OFFENSE AGAINST THE UNITED STATES** . 18 U.S.C. § 2 (a) OR (b). SEE <u>EXHIBIT A</u> ██

FURTHERMORE, DEFENDANT'S COUNSEL NEVER REVIEWED THE INDICTMENT THE DEFENDANT. COUNSEL NEVER EXPLAINED ME THE THE NATURE OF THE ELEMENTS OF THE OFFENSE CHARGED AGAINST ME. EVEN, SHE NEVER IDENTIFIED THE TYPE OF DRUG INVOLVED IN THE OFFENSE. THE GOVERNMENT AND THE COURT STATED <u>3</u> DIFFERENT TYPES OF DRUG TO ENHANCE MY SENTENCE, WITHOUT OBJECTION FROM MY COUNSEL,

THIS COUNSEL'S **ERRORS** CAUSED A TREMENDOUS BOOST TO ENHANCE DEFENDANT'S OFFENSE LEVEL **BY INCREASING DEFENDANT'S QUANTITY OF DRUG ON THE ORDER OF** <u>**1000%**</u> . THIS OUTRAGEOUS COUNSEL'S CONDUCT PREJUDICED HER CLIENT, MS. GRAY WAS SO FAR FROM THE **SIXTH AMENDMENT'S GUARANTEE FOR A COMPETENT DEFENSE**.

DESPITE MS. GRAY REQUESTED THE COURT AT MY SENTENCING TO RECOMEND ME THE 500 HOURS DRUG PROGRAM, ENGLISH LAN- GUAGE INSTRUCTION, COUNSEL SOUNDS AMBIGUOS BECAUSE SHE STA- TED ABOUT " MR. OCAMPO ALIENAGE ... " HOWER HE WILL NOT BE ELEGIBLE FOR THE INCENTIVES CONNECTED TO THAT PROGRAM, WHICH ARE A POSSIBLE SENTENCE **R**EDUCTION OF UP TO ONE YEAR AND ADDI-

TIONAL "HALFWAY HOUSE" PRE-RELEASE TIME. THERE'S ALSO STATUTORY PRE-RELEASE TIME THAT PEOPLE WITH DETAINERS ARE NOT ELEGIBLE FOR EITHER.

MS. DONNA M. GRAY'S **INEFFECTIVENESS** WERE NOT LIMITED TO ARNULFO BARAJAS-OCAMPO BUT, AT AT DEFENDANT'S APPEAL BECAUSE COUNSEL STATED:

" HAVING CONSCIENTIOUSLY REVIEWED THE RECORD, COUNSEL BELIEVES THE APPEAL IS FRIVOLOUS AND THAT THERE ARE NOT ISSUES TO APPEAL."

THE PETITIONER CONTENDS THAT **STRICKLAND'S DOCTRINE** FIRST PRONG, IS CLEARLY SATISFIED.

## SECOND PRONG

TO SATISFY THE PREJUDICE **PRONG** UNDER **STRICKLAND'S** DOCTRINE, A PETITIONER MUST SHOWS THAT " THERE IS A REASONABLE PROBABILITY THAT, BUT FOR COUNSEL'S UNPROFESSIONAL ERRORS, THE RESULT OF THE PROCEDINGS HAVE BEEN DIFFERENT." Id. AT 694. A REASONABLE PROBABILITY IS ONE THAT IS SUFFICIENT TO UNDERMINE CONFIDENCE IN THE OUTCOME. "ON BALANCE, THE BENCHMARK FOR JUDGING ANY CLAIM OF INEFFECTIVENESS MUST BE WHETHER COUNSEL'S CONDUCT TO UNDERMINE THE PROPPER FUNCTIONINING OF THE ADVERSARIAL PROCESS THAT THE [PROCEEDING] CANNOT BE RELLED ON AS HAVING PRODUCED A JUST RESULT." McQUEEN v. SCRO-

GGLV, 99 F. 3d 1302, 1311-12 (6TH CIR. 1996)(QUOTING STRICKLAND AT 686).

THE DOTE INVESTIGATIVE DERIVES FROM COUNSEL'S BASIC FUNCTION, WHICH IS "TO MAKE THE ADVERSARIAL TESTING PROCESS WORK IN THE PARTICULAR CASE." KIMMELMAN v. MORRISON, 477 U.S. 384 (1986). BECAUSE THE TESTING PROCESS GENERALLY WILL NOT FUNCTION PROPERLY UNLESS DEFENSE COUNSEL HAS DONE SOME INVESTIGATION INTO VARIOUS DEFENSE STRATEGIES, [THE SUPREME COURT HAS] NOTED THAT COUNSEL HAS A DUTY TO MAKE REASONABLE INVESTIGATION UNNECESARY." Id. QUOTING STRICKLAND, 466 U.S. AT 691.

THE COURTS HAVE FOUND COUNSEL "INEFFECTIVE WHERE HE NEITHER CONDUCTED A REASONABLE INVESTIGATION NOR MADE A SHOWING OF STRATEGIC REASONS FOR FAILING TO DO SO." SEE HENDRICKS, v. VAZQUEZ, 974 F. 2d 1099, 1109 (9TH CIR. 1992)(VACATING JUDGMENT OF DISTRICT COURT WHERE IT WAS NOT POSSIBLE TO "DETERMINE IF COUNSEL'S DECISION WAS A STRATEGIC ONE, AND IF SO, WHETHER THE DECISION WAS SUFFICIENTLY INFORMED ONE.").

IN BONNEAU v. U.S, 961 F.2d 217 (1ST CIR. 1992), THE COURT OF APPEAL HELD: THE SIXTH AMENDMENT GUARANTEES THAT THE ACUSED SHALL "HAVE THE ASSISTANCE OF COUNSEL FOR HIS DEFENSE." "THE PLAING WORDING OF THIS GUARANTEES THUS ENCOMPASSES COUNSEL'S ASSISTANCE WHENEVER NECESSARY TO ASURE A MEANINFUL DEFENSE." UNITED STATES v. WADE, 388 U.S. 218, 225 (1967). SEE POWEL v. ALABAMA, 287 U.S. 45, 69 (1932)

(CRIMINAL DEFENDANT " REQUIRES THE GUIDING HAND OF COUNSEL AT EVERY STEP IN THE PROCEEDING AGAINST HIM"). IN EVITTS V. LUCELY, 469 U.S. 387 (1985), THE COURT HELD THAT THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT GUARANTEES A CRIMINAL DEFENDANT THE RIGHT TO EFFECTIVE ASSISTANCE ON APPEAL. (EMPHASIS ADDED).

MS. GRAY, THE SAID COUNSEL'S DEFICIENT PERFORMANCE WAS PREJUDICIAL AND SHE WAS NOT FUNCTIONING AS THE "COUNSEL" GUARANTEED BY THE SIXTH AMENDMENT. IN DEMJANJUK V. PETROWSKY, 10 F. 3d 388 (6Th CIR. 1993), THE COURT OBSERVED THAT " AS AN OFFICER OF THE COURT, EVERY ATTORNEY HAS A DUTY TO BE COMPLETELY HONEST IN CONDUCTING LITIGATION" AND THAT WHILE AN ATTORNEY SHOULD REPRESENTS HIS CLIENT WITH SINGULAR LOYALTY TO THE COURT, AS AN OFFICER THEREOF, DEMANDS INTEGRITY AND HONEST DEALING WITH THE COURT. AN WHEN HE/SHE DEPARTS FROM THAT STANDARD IN THE CONDUCT OF A CASE HE/SHE PERPETRATES FRAUD UPON THE COURT. Id. AT 352 (QUOTING 7 JAMES WM. ET AL., MORE'S FEDERAL PRACTICE 60.33). (EMPHASIS ADDED).

ATTORNEYS ARE CLEARLY "OFFICERS OF THE COURT", SEE HICKMAN V. TAYLOR, 329 U.S. 495, 510 (1947) (QUOTING, THAT "[H]ISTORICALLY, A LAWYER IS AN OFFICER OF THE COURT AND IS BOUND TO WORK FOR THE ADVANCEMENT OF JUSTICE WHILE FAITHFULLY PROTECTING THE RIGHTFUL INTEREST OF HIS / HER CLIENTS").

THE SAID COUNSEL ERRONEOUS PERFORMANCE AND NEGLECTFUL REPRESENTATION WORKED TO DEFENDANT'S ACTUAL AND SUBS-

THE COURT REJECTED TO ENFORCE DEFENDANT'S PLEA. PLEA
THAT WAS ACCEPTED FOR THE COURT AND THE GOVERNMENT AT PLEA
COLLOQUY. AFTER THE DEFENDANT'S COUNSEL INCORPORATED HER
SENTENCING STATEMENT, THE COURT ASKED MS. GRAY IF SHE WAS
SATIESFED AND HER RESPONCE WAS:

    "MS. GRAY:"YES, I DO, YOUR HONOR".
    THE COURT REPLIED: "SO I DON'T NEED TO MAKE ANY
    FACTUAL FINDINGS, THEN,
    MS. GRAY: NO, YOUR HONOR.
    THE COURT: ALL RIGHT, SO WITH THAT, THEN, I WILL
    ADOPT THE PRESENTENCE INVESTIGATION REPORT, WHICH,
    OF COURSE, INCLUDES MISS GRAY'S SENTENCING STATE-
    MENT, WHICH IS INCORPORATED TO THE REPORT BY ATTACH-
    MENT, AS THE FACTUALS FINDINGS OF THE COURT, AS
    WELL, AS THE TO THE APPLICABLE GUIDELINES."

    THE COURT FAILED TO INQUIRY THE PLEA COLLOQUY TO
KNOW THE FACTS OF DEFENDANT'S PLEA GUILTY. THE COURT
RESTED ON THE PRESENTENCE REPORT TO IMPOSE ITS SENTENCE
IN OCAMPO'S CASE. THE RECORD SHOWS THAT SENTENCING
JUDGE INCORPORATED MS. GRAY'S SENTENCING STATETEMENT
ON THE ISSUE OF DOWNWARD DEPARTURE FOR DEFENDANT'S
ALIENAGE, THE PSR, SOME LETTERS SUBMITTED, 18 U.S.C. §
3553(a) AND OF COURSE THE GUIDELINES.

    "INEFFECTIVE ASSISTANCE COUNSEL" WAS CRUCIAL AT DE-
FENDANT'S SENTENCE. COUNSEL FAILURE TO OBJECT AT THE PLEA

PLEA COLLOQUY AND SENTENCING VIOLATED VIOLATED THE
SIXTH AMENDMENT RIGHT. DESPITE THE ABOVE ERRORS BY THE
COURT, THE GOVERNMENT'S BREACH OF THE PLEA AGREEMENT, COUNSEL
STOOD SILENCE AND FAIL TO OBJECT, BOTH, GOVERNMENT'S BREACH
OF PLEA, AND THE COURT'S FAILURE TO EXPLAIN NATURE OF CHARGES,
PROPERLY IN COUNT ONE AND TWO.

    AT DEFENDANT APPEALS, COUNSEL GRAY WAS INEFFECTIVE
BECAUSE, SHE FAILED TO COMPLY WITH REQUIREMENTS ESTABLI-
SHED BY ANDERS v. CALIFORNIA, 386 U.S. 738.

    IN ANDERS, THE SUPREME COURT HELD THAT THE "CONSTI-
TUTIONAL REQUIREMENT OF SUBSTANTIAL EQUALITY AND FAIR
PROCESS" NECESSITATES THAT APPELLANT'S VIGOROUSLY ACT AS AN
ADVOCATE FOR THE DEFENDANT. Id AT 744, 87 S.CT. 396

    THUS COUNSEL'S ROLE AS AN ADVOCATE REQUIRES THAT
SHE SUPPORT HER CLIENT'S APPEAL TO THE BEST OF HER ABILITY,
OF COURSE, IF COUNSEL FINDS HIS CASE TO BE WHOLLY FRIVO-
LOUS, AFTER A CONSCENTIOUS EXAMINATION. BUT THIS NEVER
HAPPENED. MS. GRAY NEGLECTED OCAMPO'S APPEAL. EVEN, SHE
NEVER CONTACTED HER CLIENT TO DISCUSS THE POSSIBLE ISSUES TO
RISE AN APPEAL. BY THE CONTRARY SHE WAIVED OCAMPO'S
APPEAL.

V- CONCLUSION.

PETITIONER IS NOT VERSED OF LAW, BUT BELIEVES THAT HE HAS EXPLAIN THROUGHT HIS § 2255 CLAIM THAT, (1) "JUDICIAL AND GOVERNMENT VIOLATIONS AT PLEA COLLOQUY FOR VIOLATION OF SPEEDY TRIAL RIGHT" AND "VIOLATION OF RULE 11", (2) "JUDICIAL VIOLATION" AT DEFENDANT'S SENTENCING BECAUSE, THE COURT RE-JECTED TO ENFORCE THE DEFENDANT'S ORAL PLEA, AND (3) "INEFFEC-TIVE ASSISTANCE COUNSEL" AT ALL STAGES IN DEFENDANT'S CASE, EVEN IN APPEAL.

ACCORDINGLY PETITIONER WAS PREJUDICED AND END WITH A HIGHER SENTENCE, THAN THE ONE NEGOTIED BY PLEA INCREA-SING 10 TIMES THE DRUG QUANTITY. SENTENCE SHOULD BE VACATED.

VI - RELIEF SOUGH.

(A)   AN ORDER REMANDING PETITIONER TO DISTRICT COURT WHERE HE CAN PROVE, COUNSEL'S INEFFECTIVE ASSISTANCE.

(B)   AN ORDER REMANDING PETITIONER TO DISTRICT COURT FOR HIS SENTENCE BE VACATED.

(C)   IF SAID EVIDENTIARY HEARING IS ORDERED BECAUSE A FURTHER FACTUAL INQUIRY IS NECESSARY TO RESOLVE THIS CLAIM PURSUANT TO THIS THE FIRST CIRCUIT'S DECLARATION IN MURCHU V. UNITED STATES, 926 F. 2d 50 (1ST CIR. 1991), PETITIONER IS RESPECTFULLY REQUESTING APPOINTMENT OF COUNSEL PURSUANT TO 18 U.S.C. § 3006A(2)(B), OR

(D)   ANY OTHER FURTHER RELIEF THAT THIS HONORABLE DEEMS JUST AND APPROPRIATE AND IN THE INTEREST OF JUSTICE.

FINALLY, IN ADDITION TO THE ABOVE REQUESTED RELIEF,

23

PETITIONER RESPECTFULLY SUBMITS THAT HE IS ENTITLED TO FIVE PROCEDURAL PROTECTIONS WHEN BRINGING A HABEAS CORPUS ACTION IN FORMA PAUPERIS. THEY ARE:

1) PROCESS ISSUED AND SERVED;

2) NOTICE OF ANY MOTION THEREAFTER MADE BY DEFENDANT/RESPONDENT OR THE COURT TO DISMISS THE COMPLAINT AND THE GROUNDS THEREFORE;

3) AN OPPORTUNITY TO AT LEAST SUBMIT A WRITING MEMORANDUM IN OPPOSITION TO SUCH MOTION;

4) IN THE EVENT OF DISMISSAL, A STATEMENT OF GROUNDS THEREFORE; AND

5) AN OPPORTUNITY TO AMEND THE COMPLAINT TO OVERCOME ANY DEFICIENCY UNLESS IT CLEARLY APPEARS FROM THE COMPLAIN THAT THE DEFICIENCY CANNOT BE OVERCOME BY AMENDMENT. NOLL V. CARLSON, 809 F.2d 1446 (9th CIR. 1987); SEE ALSO FEDERAL RULES OF CIVIL PROCEDURE 15 (Q) (HABEAS CORPUS PETITIONES MAY BE "AMANDED OR SUPPLEMENTED AS PROVIDED IN THE RULES OF PROCEDURE APPLICABLE TO CIVIL ACTIONS"); LITTLEJON V. ARTUZ, 271 F.3d 360, 363 (2ND CIR. 2001).

RESPECTFULLY SUBMITED.

ARNULFO BARAJAS-OCAMPO
REG. NO. 91554-022
L.S.C.I.- ALLENWOOD
P.O. BOX 1000
WHITE DEER, P.A 17887

DONE THIS 11th DAY OF OCTOBER, 2007