ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI

| | |
|---|---|
| ARNULFO BARAJAS-OCAMPO<br>Petitioner,<br>v.<br>UNITED STATES OF AMERICA<br>Respondent. | Criminal 1:04-00279JMS1<br>Civil 07-00552JMS-BMK |

MOTION FOR APPOINTMENT OF COUNSEL AND FOR EVIDENTIARY

HEARING IN FURTHERANCE OF DEFENDANT MOTION TO VACATE,

SET ASIDE OR CORRECT SENTENCE PURSUANT

28 U.S.C. § 2255.

Now comes, the Defendant, Arnulfo Barjas-Ocampo, acting Pro se, who hereby moves before this Honorable Court for the Appointment of Counsel Pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, to assist and represent defendant in the pursuit of his 28 U.S.C. § 2255 Motion collaterally attacking on defendant's § 2255 Motion at which testimony can be taken and documentary and other evidence may be adduced in support of same. In support, the defendant avers the following:

1) On October 11, 2007, defendant filed Pro se with the Court a 28 U.S.C. § 2255 Motion collaterally attacking his conviction and sentence. Defendant raised three claims alleging the unconstitutionally of his conviction and sentence. Defendant's claim were rised in a 25-Page amended memorandum of Law, which was accompanied by an affidavit of defendant; and various exhibits which were attached to the memorandum of law as exhibits.

- 1 -

2) On November 30, 2007, the Government filed a brief responding to defendant's claims, where claims notably that relating to defendant's allegation of ineffective assistance of counsel Donna M. Gray -- are vigorously opposed by the Government. As such, further factual development is necessary.

3) Defendant is indigent by virtue of his status as incarcerated inmate. Over three years have elapsed since defendant was taken in custody; and defendant's asserts have long since been deplated. The Court is well aware that defendant is in no position to retrain counsel of his own choising to represent him in this collateral attack. See attached of second Motion to enlarge time to traverse the Gov's response.

4) Defendant anticipates the need for the assistance of Counsel to aid him in litigating his § 2255 Motion. In the event that additional discovery and/or investigation is necessary; if an evidentiaring hearing is held; and if witnesses must be sub-poenaed to testify, defendant is ill-equiped to undertake these tasks as Pro se litigant. Moreover, defendant is presently confined and is severely circumscribed in this capacities to effectivelly represent himself in this matter.

5) Furthermore, by virtue of his ethnicity, defendant requires the guiding of counsel. Defendant being of Mexican national origing, speaks spanish as his native language. Prior to his current

offense of conviction, defendant had minimal exposure to the criminal justice system. All of these forgoing facts militate in favor of appointment of Counsel.

6) Additionally, defendant seeks an evidentiary hearing in this matter.

7) As noted at the Government response brief, several of defendant's claims of deprivations of his constitutional rights remain contested by the Government. Further factual development is necessary in order for the Court to gauge defendant's claims and rule upon their merits. Defendant's claims of ineffectiveness on the part of trial of sentencing counsel; the extent of conflict which infected trial counsel's representation of defendant; and whether the information which the District Court relied upon in sentencing defendant are all issues where defendant mantains factual development of the record is necessary.

I. ASSISTANCE OF COUNSEL.

Althoug there is no constitutional right to the assistance of counsel in habeas corpus proceedings such as defendant's action under 28 U.S.C. § 2255, see Murray v. Giarratano, 492 U.S. 1, 109 S. Ct. 2765, 106, L. Ed 2d. 1(1989); Pennsylvania v. Finey, 481 U.S. 555, 107 S. Ct. 1990, 95 L. Ed. 2d. 539 (1987), § 2255 petitioners do enjoy a statury provisional right to counsel:

"[T]here is a statutory right to appointed counsel in a section 2255 proceeding under rule 8, 28 U.S.C. § 2255, if an evidentiary hearing is required ... the provisions of this rule are mandatory and clear. If the court holds an evidentiary hearing, counsel must b appointed for an indigent defendant. U.S. v. Vasquez, 7 F. 3d 81, 83 (5th Cir. 1993). See also Shepard v. United States, 253 F. 3d 585 (11th Cir. 2001); U.S. v. Iasiello, 166 F. 3d 212 (3rd. Cir. 1999); U.S. v. Mala, 7 F. 3d 1058 (1st Cir. 1993); See also recently issued an opinion on the matter of appointing counsel in fed. habeas proceedings in Graham v. Portuedo, 506 F. 3d 105 (2nd Cir. 2007)".

[2] all of the circuits to consider the issue have held that rule 8(c) mandates the appointment of counsel is required evidentiary hearings and that the District Court's failure to follow the rule is not subject to harmless error review and requires vacatur or reversal. See Green v. U.S., 262 F. 3d 715 (8th Cir. 2001); Shepard v. U.S., 253 F. 3d 585 (11th Cir. 2001); U.S v. Iasiello, 166 F. 3d 212 (3rd Cir. 1999); U.S. v. Duarte-Higareda, 68 F. 3d 369 (9th Cir. 1995).

However, the Second Circuit has held that "[I]n habeas corpus cases, Counsel must be appointed for qualifield indigents when hearing is required; the Court may appoint counsel at an earlier stage if it deems appointement desirable." Hodge v. Polica Offices, 802 F. 2d 58, 60 (2dn Cir. 1966). Utilizing Seventh Circuit's case of

Maclin v. Freake, 650 F. 2d 885 (7th Cir. 1981) as a guidepost, the Hodge Court adverted to "The nature of the factual issues the claims presents," and whether "The case might require substantial factual investigation." Id.; whether "A case's factual issues turn on credibility," Id.; "The plantiff's apparent abbility to present the case," Id.; and "If the legal issues presented are complex," Id. Hodge noted that at least one other circuit "Consider[ed] whether appointment of counsel would lead to a quicker and more just result by Sharpening the issues and Shaping examination," Id. (See Ulmer v. Chancellor, 691 F. 2d 209 (5th Cir. 1982)). See also Wagner v. Canastota Central School District, 146 F. 3d 123, 125 (2nd Cir. 1998) ("The fact that the party has no means of asserting his rights other than through counsel is certainly a factor that must be considered").

The Circuit then offered the following guidance to District Courts:

> In deciding whether to appoint counsel however, the District Judge should first determine whether the indigent's position seems likely to be of substance. If claims meets this thereshould requirement, the Court should then consider the indigent's ability to investigating evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge, Supra, at 62-63.

"Because non capital defendants have no equivalent right to the appointment of counsel in federal habeas corpus proceedings, it is not surprising that their habeas corpus proceeding tipically will be initiated by the filing of a habeas corpus petition." McFarland v. Scott, 512 U.S. 849 (1994). Once the initial petition has been submitted and vetted, a presumption attaches that the defendant;s claims may have at least some merit. See also Johnson v. Avery, 393 U.S. 483, 487-88 (1969) (recognizing that federal tribunals customarily appoint counsel in habeas proceeding only after a petition for post-conviction relief passes initial evaluation and the Court has determined that the issues presented call for an evidentiary hearing).

Invoquing the factors delineated in Hodge, it is clear that an appointment of counsel is warranted in this instance.

Here defendant's amended § 2255 petition raises three primary claims and the main issue is ineffectiveness on the part of Donna M. Gray, esquire at every stage at the case at bar, even appeals phase. The need for further investigation is something which defendant is illequiped to do from custody. Because indigent, defendant is in no position to retrain the services of a private investigator.

Another factor to be considered, according to Hodge, is the defendant's ability to litigate the case Pro se. As defendant stated at his brief and last two Motions for extension of time to traverse the Gov's response, defendant is not fluent of english language. Notwhistanding his briefing accomplished with the assitance of a fellow inmate, defendant is neither prepared for nor proficient in the rigors of trial practise and court room protocol. Defendant, acting truly Pro se, will not have the ability to present his own case.

Defendant's claim of constitutional deprivations are of such significance that their resolution are intertvined with nothing less than defendant's liberty. The stakes-at least for defendant-- are tremendously high. Recognizing this, defendant respecfully request the assistance of counsel to aid him in the pursuing on regaining his liberty.

II. EVIDENTIARY HEARING

As discussed supra, much of defendant's claim rest upon allegations that the Court appointed attorney who represented him before District Court Ms. Donna M. Gray, and later represented defendant before the Court of Appeals for the Nine Circuit, was ineffective at his process and by such ineffectiveness, his "Sixth Amendment" right was violated.

Petitioner avers that his claim of "ineffective assistance counsel" is meritorious and evidentiary hearing is necessary, Barajas-Ocampo pray this Honorable Court in the best interest of justice and defendant to grant his Motion as above.

Respectfully submitted,

*Arnulfo Ocampo*
Arnulfo Barajas-Ocampo. Pro se
Register No. 91554-022
L.S.C.I. Allenwood
P.O.Box 1000
White Deer, PA 17887

Done day 9 Of February, 2008.

CERTIFICATE OF SERVICE

I, Arnulfo Barajas-Ocampo, state under penalty or perjury that I have served a true and correct copy of the foregoing to AUSA Beverly Wee Sameshima # 2256, Room 6-100, PJKK Federal Bulding, 300 Ala Moana Blvd., Honolulu, Hawaii 96850. In a Pre paid first class may by depositing in a U.S. Post Service Box in this L.S.C.I. Allenwood under "Inmates Rule Mail" on this date February 9, 2008.

Respectfully submitted,

*Arnulfo Ocampo*

- 8 -