ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
FEB 19 2008
at 1:30 o'clock and 30 min P.M.
SUE BEITIA, CLERK

RECEIVED
CLERK U.S. DISTRICT COURT
FEB 19 2008
DISTRICT OF HAWAII

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

ARNULFO BARAJAS-OCAMPO
  PETITIONER,

V.

UNITED STATES OF AMERICA
  RESPONDENT.

CV. NO. 07-00522 JMS-BMK
CR. NO. 04-00279 JMS

PETITIONER'S TRAVERSE TO GOVERNMENT'S
RESPONSE TO PETITIONER' MOTION PURSUANT
TITLE 28 U.S.C. § 2255

NOW COMES, ARNULFO BARAJAS-OCAMPO ("PETITIONER"), AND RESPECTFULLY FILES HIS **PRO SE** TRAVERSE MOTION TO THE GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER TITLE 28 U.S.C. § 2255 AND STATES AS FOLLOW:

PETITIONER IS NOT VERSED IN LAW. FURTHER, HE DOES NOT SPEAK, NOR UNDERSTAND THE ENGLISH LANGUAGE BUT, PETITIONER IS SEEKING ADVISE FROM FELLOW INMATES TO PROCEED ON HIS 2255 MOTION.

OUR SISTER COURT FOR THE THIRD CIRCUIT HELD IN <u>OTERO</u>:
[1] ALTHOUGH OTERO DID NOT ARTICULATE SPECIFICALLY IN HIS PETITION THAT SIMPLE ASSAULT DOES NOT QUALIFY AS A CRIME OF VIOLENCE, WE CONSTRUE **PRO SE** PLEADINGS LIBERALLY. SEE <u>HAINES V. KERNER</u>, 404 U.S. 519, 520 (1972). THAT HE DID NOT

DETER US FROM CONSIDERING THE ISSUE. <u>HAINES</u>, 404 U.S. AT 520 (PRO SE PRISONER COMPLAINT, "HOWEVER INARTFULLY PLEADED" IS HELD "TO LESS STRINGENT STANDARDS THAN FORMAL PLEADINGS DRAFTED BY LAWYERS..."). SEE ALSO <u>MITCHEL V. HORN</u>, 318 F.3d 523, 529 (3RD CIR. 2003). U.S. V. OTERO, 502 F.3d 331 (3RD CIR. 2007).

ON ITS RESPONSE, THE GOVERNMENT REQUESTED THIS HONORABLE DISTRICT COURT THAT PETITIONER'S **2255 MOTION** SHOULD BE SUMMARY DENIED.

THE GOVERNMENT STATED:

A. OCAMPO'S CLAIMS ARE WHOLY WITHOUT MERIT.
  1. OCAMPO'S SIXTH AMENDMENT RIGHT TO SPEEDY TRIAL WAS NOT VIOLATED.

THE GOVERNMENT ADDED ITS MOTION WITH **EXHIBITS C & D**.

**EXHIBIT C.** STIPULATION AND ORDER TO CONTINUE TRIAL DATE.
**EXHIBIT D.** STIPULATION AND ORDER CONTINUING TRIAL AND EXCLUDING TIME UNDER SPEEDY TRIAL ACT.

PETITIONER CONTEND THAT BOTH EXHIBIT APPEARS NOT ON THE DOCKET REPORT OF CASE. SEE <u>ATTACHED A</u>. FURTHER, GOVERNMENT FAILED TO ADD ITS RESPONSE WITH THE TRANSCRIPT OF SUCH COURT'S PROCEEDINGS TO SUPPORT ITS ARGUMENT BECAUSE DOCKET REPORT OF CASE CONTRADICTS THE GOVERNMENT'S RESPONSE. PLEASE COMPARE <u>**EXHIBITS C & D**</u> WITH PETITIONER'S <u>ATTACHED A</u>.

-2-

THE COURT OF SANDERS, 485 F.3d 659, 659 (D.C. CIR. 2007) HELD, "... THE DISTRICT COURT'S REASONING MUST BE SEET FORTH IN THE RECORD OF THE CASE, EITHER ORALLY OR WRITTING," Id., "WITHOUT ON-THE-RECORD FINDINGS, THERE CAN BE NO EXCLUSION UNDER § 3161(h)(8)," ZEDNER, 126 S. CT. AT 1989.

PETITIONER CONTEND THAT GOVERNMENT ARGUMENT IS LIKEWISE WITHOUT FOUNDATION, AND EVIDENTIARY HEARING NEED BE WARRANTED FOR COURT'S INQUIRY.

2. OCAMPO'S CHANGE OF PLEA HEARING FULLY COMPLIED WITH REQUIREMENTS OF RULE 11.

PETITIONER AFFIRM THAT NEITHER THE COURT NOR THE GOVERNMENT ADEQUATELY INFORMED HIM OF THE DRUG QUANTITY, A "CRITICAL ELEMENT" OF THE OFFENSE CHARGED, BEFORE HIS GUILTY PLEA WAS ACCEPTED. PETITIONER PLED GUILTY ON COUNT ONE AND TWO OF HIS INDICTMENT. PLEASE SEE AGAING "PETITIONER MEMORANDUM OF LAW" IN SUPPORT HIS 2255 MOTION EXHIBIT A.

DEFENDANT'S PLEA COLLOQUY PAGE 24, 2-5 SHOWS AS FOLLOW: "THE COURT: OKAY. SO YOU'RE PLEADING GUILTY TO THE CONSPIRACY TO POSSESS AND TO DISTRIBUTE OVER FIFTY GRAMS OF [m]ethamphetamine. IS THAT CORRECT? THE DEFENDANT: YES." (EMPHASIS ADDED).

PAGE 24, 6-11:
"THE COURT: OKAY. AND AS TO COUN 2, THE CHARGE THAT YOU KNOWINGLY AND INTENTIONALLY POSSESSED WITH THE

INTENT TO DISTRIBUTE FIFTY GRAMS OR MORE OF [m]ethamphetamine ON OR ABOUT JULY 15, 2004. HOW DO YOU PLEAD TO THAT CHARGE; GUILTY OR NOT GUILTY.
    THE DEFENDANT: GUILTY." (EMPHASIS ADDED).
PLEASE SEE "GOVERNMENT'S RESPONSE TO PETITIONER'S 2255 MOTION EXHIBIT A.

ON THE SAME ATTACHED OF GOVERNMENT'S RESPONSE, EXHIBIT A PAGE 13, 21 TO PAGE 18, 20, THE COURT REQUESTED AUSA SAMESHIMA "SUMMARIZED" THE ELEMENTS THAT THE GOVERNMENT WOULD HAVE TO PROVE IF THIS WENT TO TRIAL.
    MS. SAMESHIMA STARTED TO SPEAK OF "[m]ethamphetamine" AND SHE LATER CHANGED TO "ICE" AND "[d]-methamphetamine hydrochloride." BUT NOBODY IN THE COURT ADVISED DEFENDANT THAT THE INDICTMENT'S "DRUG QUANTITY" WOULD BE CONSTRUED FOR SENTENCING PURPOSES.

    OUR CIRCUIT COURT HELD IN VILLALOBOS, 333 F.3d 1070 (9th Cir. 2003), (1) DISTRICT COURT'S FAILURE TO INFORM DEFENDANT THAT THE GOVERNMENT WOULD HAVE TO PROVE DRUG QUANTITY BEYOND A REASONABLE DOUBT VIOLATED THE REQUIREMENT THAT COURT INFORM DEFENDANT OF ALL ELEMENTS OF THE CHARGED CRIME. THE COURT CLEAR UP IN NOTATION 4:"... DRUG QUANTITY IS A CRITICAL ELEMENT OF THE CHARGED OFFENSE OF WHICH THE DEFENDANT MUST BE ADEQUATELY INFORMED BEFORE A GUILTY PLEA IS ACCEPTED." FED. RULES CR. PROC. RULE 11, 18 U.S.C.A. (EMPHASIS ADDED). THE COURT IN U.S. V. REYES, 313 F.3d 1152 (9th Cir. 2002) * 2. A DISTRICT COURT'S CONSTRUCTION OF A PLEA AGREEMENT IS REVIEWED FOR CLEAR ERROR; TO DETERMINE IF A SENTENCE COMPLIES WITH A PLEA AGREEMENT, THE REVIEWING PANEL

LOOKS TO "WHAT WAS REASONABLY UNDERSTOOD BY THE DEFENDANT WHEN HE ENTERED HIS PLEA." FED. RULES. CR. PROC. RULE 11(a)(1)(C), 18 U.S.C.A.

OUR CIRCUIT IN U.S. v. ANDIS, 333 F.3d 886 (8th CIR. 2003) HELD:
\* 3. "THE REQUIREMENT HAS A PLEA AGREEMENT AND WAIVER OF RIGHTS BE ENTERED INTO KNOWINGLY AND VOLUNTARILY APPLIES TO EACH TERM OF AN AGREEMENT." (EMPHASIS ADDED) [3] "... WE HAVE YET TO ADDRESS THE IMPACT OF AN ERRONEOUS STATEMENT BY A DISTRICT COURT AT THE TIME A PLEA AGREEMENT IS ACCEPTED AND DECLINE TO DO SO HERE. HOWEVER, BECAUSE AN ERRONEOUS STATEMENT, OR FAILURE TO MAKE A DETERMINATION AS REQUIRED UNDER FED. R. CRIM. P. 11(b)(1)(N), CAN CREATE POTENTIAL ERROR, A DISTRICT COURT SHOULD ENDEAVOR TO CORRECTLY ADDRESS ANY WAIVER IN A PLEA AGREEMENT AND ASCERTAIN THAT A DEFENDANT HAS KNOWINGLY AND VOLUNTARILY WAIVED THE RIGHTS ADDRESSED BY THE AGREEMENT."

DEFENDANT'S PLEA COLLOQUY SHOWS AT PAGE 6, 8-21 AND PAGE 7, 14-25, THAT MAGISTRATE JUDGE KOBAYASHI STATED ABOUT THE DEFENDANT'S WAIVER OF HIS SPEEDY TRIAL THAT COUNSEL GRAY TOLD HER CLIENT THAT BECAUSE HIS GUILTY PLEAD, HE WOULD WAIVE HIS RIGHT TO A JURY TRIAL. PLEASE SEE AGAIN THE "GOVERNMENT'S RESPONSE" EXHIBIT A.

> FED. R. CRIM. P. 11(b)(1) STATES:
> ADVISING AND QUESTIONING THE DEFENDANT.
> BEFORE THE COURT ACCEPTS A PLEA OF GUILTY OR NOLO CONTENDERE, THE DEFENDANT MAY BE PLACED UNDER OATH, AND THE COURT MUST ADDRESS THE DEFENDANT PERSONALLY IN OPEN COURT. DURING THIS ADDRESS, THE

-5-

COURT MUST INFORM THE DEFENDANT OF AND DETERMINE THAT THE DEFENDANT UNDERSTANDS, THE FOLLOWING:

(G) THE NATURE OF EACH CHARGE TO WHICH THE DEFENDANT IS PLEADING;

THE DISTRICT COURT, AT PLEA COLLOQUY (PAGE 6, 8-21 & PAGE 7, 14-25) MADE A WRONG STATEMENT OF DEFENDANT'S WAIVERS, SO CREATED A POTENTIAL ERROR BECAUSE [T]HE INVOLVEMENT OF d-methamphetamine REQUIRES A SIGNIFICANTLY HARSHER SENTENCE UNDER THE SENTENCING GUIDELINES THAN FOR AN EQUAL QUANTITY OF [m]etamphetamine. PLEASE SEE AGAIN THE GOVERNMENT RESPONSE ON PAGE 6 & 7 OF EXHIBIT A.

OUR SISTER COURT, IN U.S. v. FOREE, 43 F.3d 1572, 1578 (11th Cir. 1995) (CITING U.S. v. OLANO, 113 S.CT 1770, 1777 (1973)), HELD: "TO SATISFY THE PLAN ERROR STANDARD, A PARTY MUST DEMOSTRATE THAT: (1) THERE WAS AN ERROR IN THE DISTRICT COURT'S ACTION; (2) SUCH ERROR WAS PLAIN, CLEAR OR OBVIOUS, AND (3) THE ERROR AFFECTED SUBSTANTIAL RIGHTS, IN THAT IT WAS PREJUDICIAL AND NOT HARMLESS."

PETITIONER ASSERT THAT CONSIDERING THE MAGNITUDE OF THE DIFFERENCE OF HIS SENTENCE, BECAUSE MAGISTRATE JUDGE'S FAILURE TO MAKE A DETERMINATION AS REQUIRED UNDER RULE 11, ABOUT OF "DRUG QUANTITY," THIS ERROR AFFECTED DEFENDANT'S SUBSTANTIAL RIGHTS. GOVERMENT'S ARGUMENT THAT OCAMPOS CHANGE OF PLEA HEARING FULLY COMPLIED WITH REQUIREMENTS OF RULE 11, IS WITHOUT MERIT.

-6-

3. THE COURT AND GOVERNMENT DID NOT MAKE "AMBIGUOS STATEMENTS" REGARDING THE TYPE, QUANTITY OF PURITY OF THE DRUG AT THE CHANGE OF PLEA HEARING.

WHEN THE AUSA MS. SAMESHIMA SUMMARIZED THE ESSENTIAL ELEMENTS THAT THE GOVERNMENT WOULD HAVE TO PROVE IF THIS WENT TO TRIAL, MS. SAMESHIMA FROM PAGE 14 TO 16 OF PLEA COLLOQUY, DESCRIBED THE DRUG IN THE OFFENSE CHARGED AS [m]ethamphetamine NINE TIMES:

   PAGE 14, LINE 5, "Methampethamine"
   PAGE 14, LINE 12, "Methampethamine"
   PAGE 14, LINE 13, "Methamphetamine"
   PAGE 14, LINE 17, "Methamphetamine"
   PAGE 14, LINE 18, "Methamphetamine"
   PAGE 14, LINE 18, "Methamphetamine"
   PAGE 15, LINE 20, "Methamphetamine"
   PAGE 15, LINE 25, "Methamphetamine"
   PAGE 16, LINE 2, "Methamphetamine"

FROM PAGE 16 TO 18, MS. SAMESHIMA DESCRIBED THE DRUG IN THE OFFENSE CHARGED AS "ICE", 3 TIMES:
   PAGE 16, LINE 6, "ICE"
   PAGE 16, LINE 23, "ICE"
   PAGE 18, LINE 4, "ICE"

FROM PAGE 16 TO 17, MS. SAMESHIMA DESCRIBED THE DRUG IN THE SAME OFFENSE AS "[d]-methamphetamine hydrochloride, 3 TIMES:

-7-

PAGE 16, LINE 14, "d-methamphetamine hydrochloride"
PAGE 17, LINE 5-6, "d-methamphetamine hydrochloride"
PAGE 17, LINE 21-22, "d-methamphetamine hydrochloride"
PLEASE SEE THE "GOVERNMENT RESPONSE" EXHIBIT A.

DEFENDANT'S INDICTMENT CHARGE IN COUNT ONE:
"... CONSPIRE TO DISTRIBUTE 50 GRAMS OR MORE OF [m]ethamphetamine, ITS SALTS, ISOMERS, AND SALTS OF ITS ISOMERS, APPROXIMATELY 394.3 GRAMS (GROSS WEIGHT)..."
COUNT TWO: "... POSSESS WITH INTENT TO DISTRIBUTE FIFTY (50) GRAMS OR MORE OF [m]ethamphetamine, ITS SALTS, ISOMERS, AND SALTS OF ITS ISOMERS, APPROXIMATELY 335.4 GRAMS (GROSS WEIGHT)..." (EMPHASIS ADDED. SEE ATTACHED B.

AFTER MS. SAMESHIMA SUMARIZED THE ELEMENTS OF THE OFFENSE, MAGISTRATE JUDGE KOBAYASHI ADDRESSED THE DEFENDANT'S GUILTY PLEA.

ON PAGE 19 OF PLEA COLLOQUY LINE 14-25, THE COURT QUESTIONED DEFENDANT:
    THE COURT: ALL RIGHT. AND IN JULY OF 2004, DID MR. WALDROUPE AND MS. MAKIO PROVIDE A SAMPLE OF METHAMPHETAMINE TO YOU TO SELL TO OTHER PEOPLE.
    THE DEFENDANT: YES.
    THE COURT: ALL RIGHT. AND ON OR ABOUT JULY 14, 2004, DID YOU MEET WITH SOMEONE IN A RESTAURANT AND PROVIDE THAT PERSON WITH APPROXIMATELY TWO OUNCES OF METHAMPHETAMINE

-8-

PAGE 20, LINE 1-7:
THE DEFENDANT: YES.
THE COURT: ALL RIGHT. AND HAVE YOU BEEN SHOWN A LABORATORY REPORT FOR THOSE TWO OUNCES OF METHAMPHETAMINE? THAT SHOWS THAT IT'S 56.3 GRAMS OF [d]-METHAMPHETAMINE HYDROCHLORIDE OF 88 PERCENT PURITY.
THE DEFENDANT: YES. (EMPHASIS ADDED)

PAGE 20, LINE 8-11:
THE COURT: ALL RIGHT. DO YOU DISPUTE THAT THE TWO OUNCES OF ICE THAT YOU HAD CONTAINED 56.3 GRAMS OF [d]-METHAMPHETAMINE HYDROCHLORIDE OF 88 PERCENT PURITY?
THE DEFENDANT: NO. (EMPHASIS ADDED).

PAGE 20, LINE 12-19:
THE COURT: OKAY. SO THAT'S -- ALL RIGHT. FOR COUNT 2 OF INDICTMENT, IT CHARGES YOU WITH KNOWINGLY AND INTENTIONALLY POSSESSING WITH THE INTENT TO DISTRIBUTE FIFTY GRAMS OR MORE OF METHAMPHETAMINE.
WHAT IS IT THAT YOU DID THAT MAKES YOU GUILTY OF COUNT 2?
THE DEFENDANT: WELL, I -- YES, I TRIED TO DISTRIBUTE FIFTY OR MORE GRAMS TO ANOTHER PERSON.

PAGE 20, LINE 20-25:
THE COURT: ALL RIGHT. AND DO YOU UNDERSTAND THAT THERE'S A SEARCH WARRANT FOR A HOTEL ROOM IN WAIKIKI WHERE YOU HAD BEEN STAYING? AND THE AGENTS RECOVERED

-9-

PLASTIC BAGS CONTAINING "methamphetamine" IN BLACK SUITCASE THAT WAS OWNED BY YOU.

THE DEFENDANT: YES  (EMPHASIS ADDED).

PAGE 21, LINE 1-9:
THE COURT: AND THE "methamphethamine" THAT WAS FOUND IN THIS SEARCH WARRANT WAS SUBMITTED TO A LABORATORY FOR ANALYSIS. WERE YOU SHOWN THAT THE ANALYSIS DETERMINED THAT THE "methamphethamine" THAT WAS FOUND IN THE BLACK SUITCASE CONTAINED A TOTAL OF 217.3 GRAMS OF [d]-methamphetamine hydrochloride OF 91 PERCENT PURITY.

WHERE YOU SHOWN THAT -- YOU -- YES? YOU WHERE SHOWN THE LAB REPORT?

THE DEFENDANT: YES. (EMPHASIS ADDED).

PAGE 21, LINE 10-18:
THE COURT: ALL RIGHT. AND DO YOU DENY THAT THE "methamphetamine" THAT WAS RECOVERED FROM THE BLACK SUITCASE, DID THAT BELONG -- THAT "methamphetamine RELONG TO YOU?

THE DEFENDANT: YES.

THE COURT: ALL RIGHT. AND DO YOU DENY THAT THE "methamphetamine" THAT WAS FOUND IN THE BLACK SUITCASE TOTALED 217.3 GRAMS OF [d]-methamphetamine hydrochloride OF 91 PERCENT PURITY.

THE DEFENDANT: YES. (EMPHASIS ADDED).

AT PAGE 23, LINE 3-9:
ALL RIGHT, SO LET ME ASK YOU AGAIN, THEN. JULY

-10-

13TH AND 14TH, WERE THESE -- OF 2003 -- 4 JULY 13TH AND 14TH, 2004, WERE THOSE THE DATES THAT YOU MEET WITH VARIOUS PEOPLE AND OFFERED THEM SAMPLES AND ALSO TO SELL "Methamphetamine.

    THE DEFENDANT: "UM HM".
    THE COURT: "IS THAT YES?"
    THE DEFENDANT: "YES".

    THE RECORD SHOWS THAT THE GOVERNMENT MADE "AMBIGUOS STATEMENTS" AT HER EXPOSURE OF THE [CRITICAL ELEMENT] OF THE CHARGED OFFENSE AND THE COURT DID THE SAME. THE ISSUE IS THAT, NEITHER THE GOVERNMENT NOR THE COURT ADEQUATELY INFORMED THE DEFENDANT BEFORE HIS ORAL GUILTY PLEA WAS ACCEPTED THAT "[T]HE INVOLVEMENT OF 'ICE' OR [d]-Methamphetamine, REQUIRES A **SIGNIFICANTLY HARSHER** SENTENCE UNDER THE SENTENCING GUIDELINES THAN FOR AN EQUAL QUANTITY OF [m]ethamphetamine."

    PETITIONER CONTEND THAT UNDER **VILLALOBOS**, 333 F.3d 1070 (9th Cir. 2003), "PLEA HEARING ERROR WAS NOT HARMLESS.

    FURTHERMORE, THE COURT IN FITCH, 282 F.3d 364, 367-68 (6th Cir. 2002) HELD: *4. AMBIGUITIES IN A PLEA AGREEMENT MUST BE CONSTRUED AGAINST THE GOVERNMENT. U.S. v. RANDOLPH, 230 F.3d 243, 248 (6th Cir. 2000). IN U.S. v. JOHNSON, 979 F.2d 396 (6th Cir 1992), WE HELD THAT "[B]OTH CONSTITUTIONAL AND SUPERVISORY CONCERNS REQUIRE HOLDING THE GOVERNMENT TO A GREATER DEGREE OF RESPONSIBILITY THAN DEFENDANT... FOR IMPRECISIONS OR AMBIGUI-

-11-

TIES IN ... PLEA AGREEMENTS." Id. AT 399 (CITING U.S. V. HARVEY, 791 F.2d 294, 301 (4th CIR. 1986) (EMPHASIS IN ORIGINAL).

PETITIONER BELIEVE THAT IT IS PARTICULARLY APPROPRIATE TO GRANT AN EVIDENTIARY HEARING TO COURT'S INQUIRY AND TO SOLVE THESE ISSUES. SPECIALLY WHEN THE SENTENCING COURT WAS NOT THE RULE 11 HEARING COURT.

THE RECORD ALSO SHOWS THAT THE COURT HAD THE LAB DRUG ANALYSIS AT THE TIME OF THE PLEA COLLOQUY BECAUSE, WHEN MAGISTRATE JUDGE REFERED TO THE "SAMPLE" THAT THE DEFENDANT GAVE TO THE UNDERCOVER DEA AGENT, MAGISTRATE JUDGE KOBAYASHI, DID NOT NAMED IT AS "ICE" BUT [M]ETHAMPHETAMINE AS IN THE U.S.S.G. § 2D1.1(c). MAGISTRATE JUDGE KOBAYASHI WAS WELL INFORMED THAT THE LAB FORENSIC CHEMIST DID NOT DETERMINE THE "PURITY LEVEL" OF THE SAMPLE.

IN THE SAME WAY, MAGISTRATE JUDGE KOBAYASHI, SHOULD HAVE DEFENDANT'S POST ARREST STATEMENT WHERE IN HE STATED TO THE DEA OFFICERS THAT HIS CODEFENDANTS HAD THE PACKAGE OF "methamphetamine" THAT "MAKIO" RECEIVED VIA "FEDEX" OR "U.S. MAIL" (PLEASE SEE DEFENDANT'S "RESPONSE TO DRAFT PRESENTENCE REPORT" PAGE 2). DEFENDANT DID NOT STATE TO THE DEA OFFICERS THAT THE DRUG (RECOVERED AFTER HIS ARREST) IN THE HOTEL ROOM "BELONGED HIM. BUT THE COURT ADDRESSD THE DEFENDAT TO ACCEPT THAT THE DRUG INSIDE THE BLACK SUITCASE BELONGS TO HIM. PLEASE SEE AGAIN, PLEA COLLOQUY PAGE 20 LINE 20 TO PAGE 21, LINE 18. AND COUNSEL DIRECTED HER CLIENT'S RESPONCES TO THE COURT. PLEASE SEE AGAIN, PETITIONER'S AFFIDAVIT "IN SUPPORT HIS 2255 MOTION."

-12-

IN A RECENT DECISION OF OUR SISTER CIRCUIT, U.S. V. CANO-VARELA, 497 F.3d 1122 (10th Cir. 2007), THE COURT HELD: *2. NOR DOES THE RULE " ESTABLISH A SERIES OF TRAPS FOR IMPERFECTFULY ARTICULED ORAL REMARKS." UNITED STATES V. FRANK, 36 F.3d 898, 903 (9th Cir. 1994). IN THE COURSE OF MANAGING TRIALS, DISTRICT JUDGES MUST MAKE SNAP JUDGMENTS AND OCCASIONALLY MAY MISSPEAK. Id. AT 800-900. RULE 11 " PROTECTS THE PARTIES AGAINST IMPLICIT OR EXPLICIT PRESURE TO SETTLE CRIMINAL CASES ON TERMS FAVORED BY THE JUDGE." Id. AT 903, AND COMMENTS BY THE DISTRICT JUDGE MUST BE EVALUATED IN THAT LIGHT. SEE ALSO CARVER, 160 F.3d AT 1269 ("[R]ULE 11[(c)] PREVENTS A JUDGE FROM SHAPING THE TERMS OF A PLEA BARGAIN OR PRESSURING A CRIMINAL DEFENDANT TO SETTLE HIS CASE....") . (EMPHASIS IN ORIGINAL).

OUR COURT IN FRANK, HELD: "... THE JUDGE MAY HAVE TO TALK TO DEFENDANT, IN INFORMAL DIRECTION, TO FIND OUT WHETHER HE UNDERSTANDS THE AGREEMENT, MEANS TO ACCEPT IT, IS FIT TO PLEAD, AND COMMITED THE CRIMES TO WHICH HE PROPOSES TO PLEAD GUILTY. THIS REQUIRES SOME FLEXIBILITY, THOUGH IT DOES NOT REQUIRE OR PERMIT ENCOURAGEMENT OR TREATS TO OBTAIN PLEAS OF GUILTY." Id. AT 903. (EMPHASIS ADDED).

LETS SEE PLEA COLLOQUY PAGE 23, 2-9:
ALL RIGHT. SO LET ME ASK YOU AGAIN, THEN. JULY 13th AND 14th, WHERE THESE -- OF 2003 -- 4. JULY 13th AND 14th, 2004. WERE THOSE THE DATES THAT YOU MET WITH VARIOUS PEOPLE AND OFFERED THEM SAMPLES AND ALSO TO SELL Methamphetamine.
THE DEFENDANT: "UM HM".
THE COURT: "IS THAT YES".
THE DEFENDANT: "YES".    (EMPHASIS ADDED)

-13-

The court in CANO-VARELA, held, Rule 11 permits prosecutors and defense attorneys, or defendants proceeding PRO SE, to "discuss and reach a plea agreement." FED.R.CRIM.P. 11(c)(1). In the next sentence, the rule states, in no uncertains terms: "The court must not participate in these discussions." Id. As other circuit courts have noted, "the unambiguious mandate of Rule 11 prohibits the participation of the judge in plea negotiations under ANY circumstances: it is a rule that ... admits of no exceptions." UNITED STATES v. BRUCE, 976 F.2d 552, 558 (9th Cir. 1992); SEE ALSO UNITED STATES v. CANADY, 283 F.3d 641, 644 (4th Cir. 2002) (collecting cases).

Rule 11 "'is designed to totally eliminate judicial pressure from the plea bargaining process.'" U.S. v. CASALLAS, 59 F.3d 1173, 1178 (11th Cir. 1995) (quoting U.S. v. CORBITT, 996 F.2d 1132, 1135 (11th Cir. 1993)). "Excluding the judge from the plea discussions ... serves three purposes: it minimizes the risk that the defendant will be judicially coerced into pleading guilty, it preserves the impartially of the court, and it avoids any appearance of impropriety." U.S. v. KRAUS, 137 F.3d 447, 452 (7th Cir. 1998). (Emphasis in original).

Petitioner assert that it is undisputed that Magistrate Judge Kobayashi participated in the defendant's oral plea agreement discussions, without Ms. Gray objection and defendant was judically coerced into pleading guilty. Petitioner advised counsel of his wish of withdraw his guilty plea before his sentence. See ATTACHED C.

Petitioner contend that judicial violation existed at the

RULE 11 HEARING. UNDER ABOVE CITED CIRCUIT'S DECISIONS, THIS IS NOT "HARMLESS ERROR" AND GOVERNMENT'S ASSERTION THAT THE GROUND ONE OF HIS CLAIM UNDER § 2255 MOTION "JUDICIAL AND GOVERNMENT VIOLATIONS" ARE WHOLLY WITHOUT MERIT.... IT HAS NOT FOUNDATION. IF THIS HONORABLE COURT, DESPITE THE EVIDENCE IN THE RECORD, DECIDE TO GRANT AN "EVIDENTIARY HEARING" IT WILL BE WELCOME BY DEFENDANT.

  B.  OCAMPO'S CLAIM OF "JUDICIAL VIOLATION" DURING SENTENCING IS LIKEWISE WITHOUT MERIT.

  THE SEVENTH CIRCUIT HELD IN BOOKER, 2004 U.S. APPX. LEXIS 14223, AT *4-6, 9. BOOKER SPECIFICALLY HELD THAT JUDICIAL DETERMINATIONS OF DRUG QUANTITY PURSUANT TO U.S.S.G. § 2D1.1., AND OBSTRUCTION OF JUSTICE PURSUANT TO § 3C1.1., VIOLATED THE CONSTITUTION. Id. AT *4-6. BOOKER CONCLUDED THAT, IN THE ABSENCE OF A JURY DETERMINATION OF DRUG QUANTITY AND OBSTRUCTION, THE DISTRICT COURT WAS REQUIRED TO SENTENCE THE DEFENDANT WITHOUT REGARD TO THESE ENHANCEMENTS. Id. AT *16-17.

  PETITIONER UNDERSTANDS THAT BY COUNSEL'S FAILURE TO OBJECT SEVERAL ISSUES ON HER CLIENT'S PROCEEDINGS, MS. GRAY TIED THE COURT'S HANDS AT SENTENCING HEARING, BUT SUCH COUNSEL'S ERRORS DOES NOT BAR RELIEF TO DEFENDANT FROM ILLEGAL SENTENCE AS THE COURT HELD IN BOOKER.

  GOVERNMENT'S ASSERTION IS WITHOUT MERIT AGAIN.

C. OCAMPO'S CLAIM THAT AFPD GRAY PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL ARE NOT SUPPORTED BY THE RECORD.

THE RULES GOVERNING 28 USCS § 2255 STATES IN PART: "IN ALMOST ALL CASES, THEREFORE, A § 2255 MOTION WILL BE BASED ON ONE OR MORE OF THREE TYPES OF CLAIMS:
(1) AN INTERVENING CHANGE IN THE LAW;
(2) A CLAIM THAT COUNSEL WAS INEFFECTIVE THAT COULD NOT BE RAISED ON DIRECT APPEAL BECAUSE IT IS BASED ON FACTS NOT APPARENT FROM THE FACE OF THE RECORD;
(3) A CLAIM BASED ON NEWLY DISCOVERED EVIDENCE.

PETITIONER CONTEND THAT MS. SAMESHIMA'S ASSERTION AT HER RESPONSE TO PETITIONER'S 2255 MOTION, THAT THE RECORD CONTAINS NOT EVIDENCE THAT MS. GRAY WAS INEFFECTIVE LACKS FOUNDATION. AS NOTED ON DEFENDANT'S AMENDED MOTION PURSUANT § 2255 MOTION; PETITIONER'S AFFIDAVIT IN SUPPORT HIS 2255 MOTION AND THIS DEFENDANT'S TRAVERSE MOTION TO THE GOVERNMENT'S RESPONCE, THE RECORD OF THE CASE CONTAINS BIG ENOUG EVIDENCE OF MS. GRAY'S INEFFECTIVENESS. EVEN, AS THE SECOND TYPE OF CLAIMS STATED ON THE RULES GOVERNING § 2255 ... ON FACTS NOT APPARENT FROM THE FACE OF THE RECORD. MEANS "OFF THE RECORD."

AFTER PETITIONER RECEIVED A COPY OF DRAFT PRESENTENCE REPORT, HE WROTE A LETTER TO HIS COUNSEL ON DECEMBER 21, 2005 AND INSTRUCTED HER TO WITHDRAW HIS CHANGE OF PLEA. FURTHER, INSTRUCTED MS. GRAY TO REPLY HIS MESSAGE AND/OR VISITED HIM

-16-

HIM WITH INTERPRETER. SEE <ins>ATTACHED D.</ins>

FURTHERMORE, PETITIONER REQUESTED HIS COUNSEL TO INVESTIGATE S/A MICHAEL D. ROTHERMUND. THE GOVERNMENT STATED AT ITS RESPONSE THAT AFPD GRAY WAS NEVER ABLE TO VERIFY WHETHER S/A ROTHERMUND WAS UNDER INVESTIGATION FOR CORRUPTION, AND SHE LEARNED THAT S/A ROTHERMUND HAD VERY LIMITED INVOLVEMENT IN OCAMPO'S CASE. BUT REPORT OF DRUG PROPERTY #092 SHOWS THAT, "ON JULY 15, 2004 SA MICHAEL ROTHERMUND SEIZED EXHIBITS 9 AND 10 FROM THE POCKETS OF JOHN WAULDROUPE'S SWEAT PANTS POCKET PURSUANT TO HIS ARREST..."

THE FACT IS THAT S/A ROTHERMUND PARTICIPATED IN THE ARREST OF DEFENDANT'S CODEFENDER WHOSE STATED THAT "ALL THE DRUG" IN THE BLACK SUITCASE "BELONGS OCAMPO" AND BECAUSE THIS, PETITIONER'S SENTENCE WAS BASED ON THE LARGE QUANTITY OF THE DRUG CHARGED IN THE OFFENSE.

RECENTLY, PETITIONER LEARNED THAT IN CLEVELAND, OHIO, DEA CASES WERE DISMISSED ON BASIS THAT DEA AGENT AND HIS INFORMANT LIED TO CONSTRUE CASES. U.S. ATTORNEY GREG WHITE DROPED CHARGES TO GENEVA FRANCE; JOSHAWA WEBB AND CURTIS ANDERSON.

THE INFORMATION IN THIS CASE AND OTHERS AROUND THE COUNTRY ARE AVAILABLE IN "INTERNET". SEE <ins>ATTACHED F.</ins>

MS. GRAY NEGLECTED HER CLIENT'S CASE.

MS. GRAY FILED IN COURT HER "RESPONSE TO DRAFT PRESENTENCE REPORT." WHERE COUNSEL STATED THAT HER CLIENT DISPUTES MR. WAULDROUPE'S VERSION OF THE OFFENSE CONDUCT AS CONTAINED IN PARAGRAPH 16. PLEASE SEE "SEALED DOCUMENTS CONTAINING NON-PUBLIC INFORMATION" ATTACHED AT GOV'S RESPONSE.

MS. GRAY MISLEAD HER CLIENT AGAIN BECAUSE, AT THE BOTTOM OF HER RESPONSE, SHE STATED:

"MR. OCAMPO DOES NOT CONTEST THE SENTENCING CALCULATION."

PLEASE SEE AGAIN COUNSEL RESPONCE TO PRESENTENCE REPORT, PAGE 3.

FURTHERMORE, PETITIONER ATTACHS OTHER LETTERS THAT HE SENT TO HIS COUNSEL TO REQUEST HER TO FILE A SENTENCING MEMORANDUM IN ORDER TO ADD THESE ISSUES IN THE RECORD. SEE <u>ATTACHED E</u>.

FURTHER, MS. GRAY MADE A WEAK REPRESENTATION AT SENTENCING HEARING. COUNSEL NEVER ASKED THE COURT TO WITHDRAW HER CLIENT'S GUILTY PLEA.

MS. GRAY FILED AN ANDERS BRIEF ON HER CLIENT'S BEHALF IN THE COURT OF APPEALS FOR THE NINE CIRCUIT, BECAUSE SHE DIDN'T FIND MERITORIOUS ARGUMENTS TO RAISE AN APPEAL.

COUNSEL'S INEFECTIVENESS IS CLEAR <u>IN</u> AND <u>OFF</u> THE RECORD.

GOVERNMENT'S ASSERTION THAT COUNSEL WAS EFECTIVE AND PROFESSIONAL AT HER REPRESENTATION IS WHOLLY WITHOUT MERIT AND PREJUDICED DEFENDANT. COUNSEL FAILED AT EVERY STAGE IN THE CASE AT BAR. MS. GRAY DEPRIVED HER CLIENT OF HIS SIXTH AMENDMENT RIGHT.

<u>CONCLUSION</u>

FOR ALL REASONS STATED HERE, THE PETITIONER PRAY THIS HONORABLE COURT TO GRANT HIS TITLE 28 U.S.C. § 2255 MOTION AND GRANT RELIEF PURSUANT HIS PETITION TO VACATE HIS SENTENCE AND CONVICTION TO PROTECT THE PUBLIC INTEREST, THAT IS THE INTEREST OF JUSTICE.

RESPECTFULLY SUBMITED

*Arnulfo Ocampo*
ARNULFO BARAJAS-OCAMPO
REG. NO. 91554-022
L.S.C.I. ALLENWOOD
P.O. BOX 1000
WHITE DEER, PA 17887

DATED ON FEBRUARY 9, 2008.

CERTIFICATION OF SERVICE

I, ARNULFO BARAJAS-OCAMPO, CERTIFY UNDER PENALTY OF PERJURY THAT I SERVED A COPY OF THE FORGOING TO THE U.S. ATTORNEY OFFICE AND DELIVER IN A PRE-PAID FIRST CLASS MAIL BY DEPOSITING IN A INSTITUTIONAL U.S. MAIL BOX IN L.S.C.I. ALLENWOOD ON THIS DATE, FEBRUARY 9, 2008.

*Arnulfo Ocampo*