Arnulfo Ocampo                                                          March 16,2006
Reg# 91554-022
FDC Honolulu
POBOX 30080
Honolulu, HI 96820


Ms. Donna Gray
Assistant Public Defender
300 Ala Moana BLvd
Honolulu, HI


RE:  MY CRIMINAL CASE

Dear Ms. Gray;
As my sentencing date draws near I have come to realize there are a few documents
which I do not have, and I would like to review them before I get sentenced.

I would like to review my Downward Departures, and also the Sentencing Memorandum
you have prepared on my behalf. Can You please mail them at your earliest convenience.
Your prompt attention would be greatly appreciated.

Thank you in advanced.

Very sincerely,

Arnulfo Ocampo
*/s/ Arnulfo Ocampo*

ATTACHED E

Arnulfo B. Ocampo
#91554-022
F.D.C.  Honolulu
Box 30080
Honolulu, Hawaii 96820

Re: <u>United States v. Delgado 77 Crl 333 (M.D. Fla 2005)</u>


Dear Donna Gray,

   Please be advised that I am aware that if I do not raise certain issues which could make me eligible for a sentence reduction that they are considered to be waived for the purpose of appeal.

   I therefore want you to file a Motion for a Downward departure for the same reason as the above listed case. If the motion is denied than I have atleast preserved the issue for appeal. If this motion is not filed than I will send a copy of this letter to the sentencing Judge. The less time that I spend in prison, the sooner I will be home with my family in Mexico.


                                            Thank You!

Dated: March 31, 2006

                                            Arnulfo Ocampo



ATTACHED E

Arnulfo B. Ocampo
Register# 91554-022
FDC Honolulu
P.O. Box 30080
Honolulu, HI 96820


Donna M. Gray
Assistant Federal Defender
300 Ala Moana Blvd
Suite 7104
Honolulu, HI 96850-5269


Re; My Criminal Case CR.No. 04-00279(03) JMS


Dear Ms. Gray;
I have been doing research in hopes of finding downward departures and I am happy to say that I have found quite a few mitigating factors which are proven to be in my favor and I believe the courts will grant my downwards upon their review.

Enclosed please find 3 additional pages with the respected cases and reasons for downwards granted by the courts. Can you please take the time to review these cases so you can get me the least possible time to serve. I am certainly not trying to tell you how to do your job, I only hope you find this information helpful to my case.

I will be happy to go over any of these mitigating factors with you if necessary and only request an interpreter if you come for a legal visit.

Thank you kindly for your help.

Very Sincerely,
Arnulfo Ocampo

*Arnulfo Ocampo*

ATTACHED E

**ALIEN WHO FACES MORE SEVERE RESTRICTIONS IN PRISON THAN NON-ALIEN.**

Argue that the defendants' status as deportable aliens unnecessarily places them in or more restrictive status of confinement, and denies them access to BOP's drug treatment, early release, and community confinement programs that are otherwise available to the general prison population. See U.S. V. Davoudi, 172 f.3d 1130 (9th Cir.1999)(where D convicted of making false statements to bank, district court had discretion to depart downward because deportable alien may be unable to take advantage of minimum security designation of the up to six months of home confinement authorized by 18 U.S.C. §3624(c),but court's discretionary failure to do so not review able);U.S. v.Chrry Cubillos,91 F.3d 1342,1344(9th Cir.1996)(same); U.S. v.Farouil,124 F.3d 838 (7th Cir.1997)(where D charged with importing heroin,district court may consider whether defendant status as a deportable alien would result in unusual or exceptional hardship in condition of confinement that might warrant a departure(ineligible for home detention, communitary confinement,work release,intermittent incarceration. or minimum security desgnation.);U.S. v.Bakeas,987 F.supp.44(D.Mass.1997)(departure from 12 months to probationary sentence and home confinement for legal resident alien convicted of embezzlement because he was ineligible for minimum security confinement);U.S. v.Smith, 27 F.3d 649(D.C.Cir 1994)(D's status as a deportable alien subjects him to harsher confinement because ineligible for benefits of early release(to CTC) and not eligible for minimum security prison;so court has authority to consider downward departure);**contra,** U.S. v.Alvarez-Cardenas, 902 F.2d 734(9th Cir.1990); U.S. v.Restrepo,999 F.2d 640(2d Cir.1993),reversing,802 F.Supp. 781 (E.D.N.Y. 1992). **Under Booker an arguable mitigating factor.**

**Note:**Also argue that a deportable alien is not eligible for one-year reduction of sentence awarded those who complete the BOP's 500-hour drug program.McClean v.Crabtree, 173 F.3d 1176(9th Cir.1999).

**Note:** Departure on this ground **not** available if D pled guilty to illegal entry.See,e.g. U.S. v.Martinez-Ramos,184 F.3d 1955(9th Cir.1999);U.S. v. Cardosa-Rodriguez,241 F.3d 613 (8th Cir.2001).[**Now still mitigating factor under Booker**]

**ALIEN WHO WILL BE DEPORTED BECAUSE OF GUILTY PLEA PUNISHED TOO SEVERELY.**

Deportation is not grounds for departure.U.S v.Alvarez-Cardenas,902 F.2d 734(9th Cir.1990). questionable now in light of koon.Argue that factor was not considered by guidelines(in non-inmigration case);therefore departure justifiel where defendant's guilty plea results in deportation.See Jordan v. De George,341 U.S. 223,232(1951)(Jackson,J)(deportation is "a life sentence of banishment in addition to the punishment wich a citizen would suffer from the identical acts.").

ATTACHED E

### COOPERATION OF THE FEDENDANT ON COURT OWN MOTION WHERE GOVERNMENT REFUSES TO MAKE §5K1.1 MOTION.

U.S. v. Khoury,62 F. 3d 1138(9th Cir. 1995)(court may depart downward where government refuses to make §5k1.1 motion because D went to trial althoigh gov. initially offered to do so and where D's cooperation led to arrest of co-D); U.S v.Treleaven, 35 F.3d 458(9th Cir. 1994); U.S. v.Paramo, 998 F. 2d 1212(3d Cir. 1993)(remanded to show whether government's refusal to make §5k1.1 motion for only coconspirator who went to trial was pretextual). When departing downward, court must evaluate D's cooperation on an individualized basis and cannot engage in mechanical reduction of only 3-level. U.S. v.King,53 F.3d 589, 590-92(3d Cir.1995)

### MINIMAL ROLE IN THE OFFENSE.

Minimal role "mule" in drug conpiracy warrants downward departure but not below statutory minimum. U.S. v. Valdez Gonzales.957 F.2d 643(9th Cir. 1992)(role in drug trade play by mules may constitute a mitigating circumstance of a kind or degree not considered by guidelines warranting downward departure);but see U.S v.Webster,996 F.2d 209(9th Cir 1993) (effetive Nov. 1, 1992, defendant's role in the offense makes couriers eligible for mitigating role adjustments so downward departures on this ground alone not appropriate);U.S. v.Patillo, 817 F. Supp.839(C.D.Cal 1993)(D was a minor player when he delivered 500 grams of crack to post office, because lived in a community where opportunities to become involved in drug trafficking "are rampant" and D subject to "tremendous financial responsibilities", and where Commission ignored the need for "greater variations in the sentencing to account for the vastly different culpabilities of the various players in the drug trade");U.S. v.Restrepo, 936 F.2d 661(2d Cir.1991)(based on minimal role in a money laundering offense merely unloading boxes of money in a warehouse on one date-defedant received both a four-level offense level reduction and a four-level downward departure);Alba,933 F.2d 1117 (2d Cir.1991);U.S. v.Bierley, 922 F.2d 1061(3d Cir.1990)(minimum role departure available even where defendant sole actor in buying pornography from agent); U.S. v. speenburgh,990 F.2d 72,75-76(2d Cir.1993)(where D ineligible for minor role reduction because other participant is government agent, downward departure proper).

### BREACH OF PLEA BARGAIN ON SUBSTANTIAL ASSISTANCE.

Where government breached ambiguous plea agreement to recommend minimum sentence based on defendant substantial assistance, court construe this a 5k motion and depart below statutory minimum. U.S. v. De la Fuente, 8 F.3d 1333(9th Cir. 1993).


ATTACHED

DEFENDANT IS JUST AN ADDICT WHO DELIVERED SMALL QUANTITIES

U.S. V. WILLIAMS, 78 F.Supp.2d 189(S.D.N.Y. 1999) (relatively minor nature of defendant's prior and curret drug convictions warranted departure from the career offender guidelines; in each prior defendant was a street seller, the lowest level on the distribution chain and the most easily replaced by those who operate the distribution network), **DISAPPROVED** U.S. V. Mishoe, 241 F.3d 214 (2d Cir 2001)(revesing distric court's grant of departure, which should not automatically be give to street level dealers; however, that prior sentences were lenient may provide basis for downward departure from criminal history in particular case); U.S. v. Webb, 966 F. Supp. 16 (D.D.C.1997)(departure from 70 to 40 months granted where D only an addict who could have been arrested after he sold agent small quantities on two earlier cccosions, but who instead was arrested after third delivery of over 50 grams. courts need to distinguish major dealers from addicts),**reversed,**134 F.3d 403 (D.C. Cir 1998).(**Rationale and results of the reversals must be reconsidered in light of Booker**

**DEFENDANT HAD NO KNOWLEDGE OF, OR CONTROL OVER, AMOUNT OR PIRITY OF DRUGS HE DELIVERED.**

U.S. v. Mikaelian, 168 F .3d 380(9th Cir. 1999), amended,180 F.3d 1091(low purity of heroin cannot be categorically excluded as ground for departure);U.S v. Mendoza, 121 F.3d 510 (9th Cir.1997)(the district court has discretion to depart where the defendant had no knowledge of or control over the amount or purity of the drugs, if the court determines that the facts are outside the heartland of such case-because that ground is not one categorically proscribed); U.S. v.Chalarca, 95 F.3d 239,245(2d Cir.1996)(upholding a downward departure when the district court found the defendant had no knowledge of any particular quantity of cocaine and no particular quantity was foreseeable to him in connection with the conspiracy of which he was a member

**DEFENDANT SHOWED EXTREME REMORSE.**

U.S. v. Fagan, 162 F.3d 1280, 1284-85(10th Cir. 1998)(because guidelines do not expressly forbid the departure, under rationale of koon,court may downward depart where defendant showed great remorse "to an exceptional degree" even though D already received adjustment for responsibility); U.S v. Jaroszenko,92 F.3d 486 (7th Cir. 1996).

**COOPERATION WITH AUTHORITIES TO PROSECUTE OTHERS**

U.S.S.G 5k1.1 (Upon motion of the government);U.S. v. Udo,963 F.2d 1318,1319(9th Cir. 1992)(once government make motion,court can depart more than government recommends); U.S. v. Tenzer,213 F.3d 34(2d Cir.2000)(remanded district court does have discretion to depart where D tried to negotiate with IRS to make payments through voluntary disclosure program, even though talks broke down and D convicted).    ATTACHED E