IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ARNULFO BARAJAS-OCAMPO, | ) CIV. NO.  07-00522 JMS/BMK |
| | ) CR. NO.   04-00279 JMS |
| Petitioner, | ) |
| | ) ORDER DENYING PETITIONER'S |
| vs. | ) REQUEST FOR CERTIFICATE OF |
| | ) APPEALABILITY |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |
| _____ | ) |

## ORDER DENYING PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY

On February 29, 2008, the court denied Petitioner Arnulfo Barajas-Ocampo's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, and Motion for Appointment of Counsel and for Evidentiary Hearing ("February 29, 2008 Order"). On April 28, 2008, Petitioner filed a Request for Certificate of Appealability ("Request for COA"), arguing that he is entitled to a Certificate of Appealability ("COA") due to the court's failure to hold an evidentiary hearing regarding conversations he had with his counsel, Deputy Federal Public Defender Donna Gray ("DFPD Gray").[1] For the following reasons,

_____

[1] In his conclusion, Petitioner appears to also request that the court vacate the February 29, 2008 Order. *See* Pet'r Mot. 4 ("For all the foregoing reasons, Appellant Arnulfo Barajas-Ocampo respectfully request[s] this honorable court to vacate its order of February 29, 2008

(continued...)

the court DENIES Petitioner's Request for a COA.

# I. **STANDARD OF REVIEW**[2]

To appeal a denial of a § 2255 motion, a petitioner must first receive

a COA, which is governed by 28 U.S.C. § 2253(c).  Section 2253(c) provides:

> (1) Unless a circuit justice or judge issues a certificate of
> appealability, an appeal may not be taken to the court of
> appeals from --
> > (A) the final order in a habeas corpus proceeding in
> > which the detention complained of arises out of process
> > issued by a State court; or
> > (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1)
> only if the applicant has made a substantial showing of the
> denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall
> indicate which specific issue or issues satisfy the showing
> required by paragraph (2).

As the plain language of § 2253(c) suggests, a COA is "granted on an

issue-by-issue basis, thereby limiting appellate review to those issues alone."

*Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir. 1999); *see also Jackson v. Brown*,

---

[1](...continued)
denying his 28 U.S.C. § 2255 Motion . . . .").  Such argument would conflict with Petitioner's
request for a COA to appeal the February 29, 2008 Order to the Ninth Circuit.  Further, Petitioner
provides no explanation why the court should vacate the February 29, 2008 Order, and the
court's independent review of Petitioner's § 2255 Motion reveals no basis for such relief.
Accordingly, to the extent Petitioner's Motion could be construed as a Motion for Relief, the
court DENIES Petitioner's Motion.

[2]  Because the February 29, 2008 Order provides a detailed account of the factual
background of this action, the court does not recount it here.

513 F.3d 1057, 1069 (9th Cir. 2008).  A petitioner must both identify the specific

issues for appeal, and make "a substantial showing of the denial of a *constitutional*

right."  28 U.S.C. § 2253(c)(2); *see Medellin v. Dretke*, 544 U.S. 660, 666 (2005).

For each issue, "[t]he petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims

debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also*

*Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).  Specifically, "the petitioner

'must demonstrate that the issues are debatable among jurists of reason; that a

court could resolve the issues [in a different manner]; or that the questions are

adequate to deserve encouragement to proceed further.'"  *Allen v. Ornoski*, 435

F.3d 946, 951 (9th Cir. 2006) (*quoting Lambright v. Stewart*, 220 F.3d 1022, 1025

(9th Cir. 2000) (other citations and quotations omitted) (alterations in original)).

This "substantial showing" requirement is "relatively low."  *Jennings v. Woodford*,

290 F.3d 1006, 1010 (9th Cir. 2002); *see also Lambright*, 220 F.3d at 1025 n.4

("[T]he showing a petitioner must make to be heard on appeal is less than that to

obtain relief."); *Silva v. Woodford*, 279 F.3d 825, 832 (9th Cir. 2002) ("It is

essential to distinguish the standard of review for purposes of granting a COA

from that for granting the writ.").

## II. <u>DISCUSSION</u>

Petitioner asserts, with no argument whatsoever, that the court should have held an evidentiary hearing because he "made claim in his motion to vacate regarding counsel-client out of record conversations that if taken as true," will entitle Petitioner to relief.[3]  Pet'r Mot. 3.  Petitioner does not identify the specific conversations he had with DFPD Gray, or explain why those conversations entitle him to an evidentiary hearing.  Accordingly, Petitioner has failed to meet § 2253(c)'s requirements that he identify the specific issues for appeal, and make a substantial showing of the denial of a constitutional right.  *See Tuggle v. Campbell*, 2007 WL 4513575, at *2 (9th Cir. Dec. 21, 2007) (denying motion to expand COA to include claims that the district court abused discretion in denying an evidentiary hearing because they were not supported by a substantial showing of a denial of a constitutional right); *Collier v. McDaniel*, 253 Fed. Appx. 689, 692 (9th Cir. 2007) (denying motion to expand COA to include claim that district court erred in denying motion for evidentiary hearing where petitioner provided no argument in COA application to establish how the requirements for an evidentiary hearing were satisfied).  The court therefore DENIES Petitioner's Request for a

---

[3]  Because Petitioner limits his Request for COA to "counsel-client out of record conversations," Pet'r Mot. 3, the court construes his Request for COA as limited to the arguments in his § 2255 Motion on ineffective assistance of counsel only.

4

COA on this basis alone.

Further, the court's own review of Petitioner's § 2255 Motion reveals no attorney-client conversations, which, if taken as true, would debatably entitle Petitioner to an evidentiary ruling. *See Slack*, 529 U.S. at 484 ("The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). The February 29, 2008 Order explained that an evidentiary hearing is necessary only "where 'the movant has made specific factual allegations that, if true, state a claim on which relief could be granted,'" Feb. 29, 2008 Order, 10 (*quoting United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)), but not where "the 'allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal.'" *Id.* (*quoting United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003)). The February 29, 2008 Order reviewed the record and found that no evidentiary hearing was necessary -- Petitioner made no specific factual allegations which, if true, would entitle him to relief. *Id.* at 11. Indeed, Petitioner made only vague assertions about conversations he had with DFPD Gray, which were either rebutted by Petitioner's own statements on the record, or did not establish a constitutional violation. Specifically, the February 29, 2008 Order addressed each of Petitioner's arguments as follows:

5

First, Petitioner argued that "he requested discovery from DFPD Gray, but that DFPD Gray instead sought 'help for [the] government to arrest more people.'" *See id.* at 29 (*quoting* Pet. § 2255 Mot. 2). In contrast, the evidence presented indicates that the Federal Public Defender had mailed the discovery to Petitioner. Further, DFPD Gray explained to Petitioner that under the circumstances of this case -- where Petitioner had sold two ounces methamphetamine to an undercover officer, and represented that he could obtain larger amounts -- Petitioner had no viable defenses and that they should focus on trying to reduce his likely sentence.

Second, Petitioner argued that he told DFPD Gray that one of the agents in this case was under investigation, and that she lied to him by telling him that this issue would not help his case. Despite Petitioner's allegations, the evidence presented shows that DFPD Gray investigated Petitioner's allegation, and found that the agent's involvement in Petitioner's case was limited and would not make a viable challenge to Petitioner's charges. *Id.* at 30-31.

Third, Petitioner alleged that DFPD Gray did not review the Indictment with him, never explained the charges against him, and never identified the drug involved in the offense. Petitioner himself refuted these allegations during his Change of Plea by asserting that he had indeed received a copy of the

Indictment, and discussed the charges and all facts with DFPD Gray.  *Id.* at 32.

Fourth, Petitioner argued that DFPD Gray told him that during the Change of Plea he must "follow her direction and respond to the court . . . ." Petitioner identified no questions he did not understand or responses he would have changed, and he answered the questions posed by the court freely, voluntarily, and under oath.  *Id.* at 33.

Fifth, Petitioner argued that he raised objections for DFPD Gray to include in his response to the Presentence Report.  While Petitioner did raise objections that were ultimately not included in his response, during sentencing Petitioner affirmed that he had a full opportunity to read, review, discuss, and object to the Presentence Report.  Further, in his 2255 Motion, Petitioner identified no objections that could have even arguably helped him at sentencing. *Id.* at 36-37.

Finally, Petitioner argued that DFPD Gray did not discuss potential issues for appeal with him, and instead filed an *Anders* brief.  The record establishes that DFPD Gray reviewed the record, determined that an appeal would be frivolous, and filed an *Anders* brief that comprehensively laid out the why she believed Petitioner's reasons for an appeal were frivolous.  Petitioner did not file an opposition, and the Ninth Circuit from its own review determined there were no

grounds for relief on direct appeal.  *Id.* at 41-42.

As shown from the above, none of these off-the-record conversations even *debatably* raised a factual issue requiring an evidentiary hearing. Accordingly, the court finds that even if Petitioner did identify specific conversations with DFPD Gray that are the basis for his Request for COA, Petitioner would be unable to make a substantial showing that he was entitled to an evidentiary hearing.

### III.  <u>CONCLUSION</u>

For the reasons discussed above, the court DENIES Petitioner's Request for a Certificate of Appealability.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 12, 2008.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Barajas-Ocampo v. United States*, CIV. NO. 07-00522 JMS/BMK, CR. NO. 04-00279 JMS, Order Denying Petitioner's Request for Certificate of Appealability